Martin PULVER, Petitioner–Appellant,

v.

Edward J. BRENNAN, Warden, and the United States Parole Commission, Respondents–Appellees.

No. 89–3235.

United States Court of Appeals, Seventh Circuit.

Argued May 8, 1990.

Decided Aug. 29, 1990.

Keith A. Findley, Walter J. Dickey, Thomas E. Hartman, Legal Assistance to Institutionalized Persons, Madison, Wis., for Martin Pulver.

Christa A. Gruber, Office of the U.S. Atty., Chicago, Ill., Mark A. Cameli, Asst. U.S. Atty., Office of the U.S. Atty., Madison, Wis., for E.J. Brennan.

Cheryl B. Schacht, Asst. U.S. Atty., Office of the U.S. Atty., Madison, Wis., for U.S. Parole Com'n.

Before BAUER, Chief Judge, MANION, Circuit Judge, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Martin Pulver petitioned the district court for a writ of habeas corpus claiming that the United States Parole Commission's denial of his parole request was constitutionally and statutorily deficient. Specifically, Pulver asserted that in denying him parole: the Commission relied on unreliable evidence; the Commission failed to provide him reasonable access to this evidence; and, the Commission provided an inadequate statement of their reasons. Because we find that the Commission failed to provide Pulver with reasonable access to his files, as required by 18 U.S.C. § 4208(b), we reverse the dismissal of the petition by the district court and remand the case with instruction to grant the petition unless the Parole Commission orders a new hearing within sixty days from the date of this opinion.

## I.

### BACKGROUND

Pulver, a member of the Mid–State Chapter of the Hell's Angels Motorcycle Club, was convicted in April, 1986 of conspiracy to violate RICO in violation of 18 U.S.C. § 1962(d) and conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846, 18 U.S.C. § 2. Pursuant to 18 U.S.C. § 4205(b)(2), Pulver was sentenced to a term of thirteen years and is currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin.

In January, 1987, Pulver applied for his initial parole hearing. In connection with this application, Pulver requested disclosure of the documents which the Commission would use in determining his parole eligibility. In March, 1987 the Commission's regional office responded to Pulver's letter by stating that they could not honor his request because they had no file on him. Pulver's hearing was then cancelled and rescheduled. In response to a letter sent by Pulver expressing his concern over the rescheduling, in June, 1987 Pulver received a letter from the Commission's regional office explaining that the reason for the delay was because of their need for additional information. The letter concluded by stating that the information had been received and that his case would be scheduled on the next docket. Thereafter, in July of 1987, Pulver again wrote the Commission requesting photocopies of the documents relating to his rescheduled hearing.

Despite the Commission's previous admission that they had compiled "additional" information on him, the Commission responded to his request indicating that no active file existed on him.

In November, 1987, Pulver had his parole hearing. Though Pulver's Presentence Investigation Report (PSI) predicted an offense severity score of five, at the hearing the parole examiners determined Pulver's score to be eight, the highest possible rating.[1] This conclusion was based on the Commission's finding that Pulver was involved in the commission of at least one murder. At the hearing, a Commissioner read from the Commission's pre-hearing assessment which stated in part, "[f]urther information has been furnished primarily from statements made by other members and/or associates of the Hell's Angels Motorcycle Club in Troy, New York, reflecting that [Pulver] was involved in at least one murder, the most significant perhaps of a fellow club member known as 'Digger' [Donald] Hanson."

Since Pulver never received documents prior to his hearing relating to murder allegations, he was unprepared to respond to charges that he had been involved in the commission of a murder.[2] Accordingly, without further inquiry, the Commission plotted his salient factor score of nine and offense factor score of eight and determined his guideline range to be 100 + months.[3] They then concluded that Pulver

1. For prisoners sentenced prior to November 1, 1987, the effective date of the Sentencing Reform Act of 1984, the maximum term of incarceration is set by the sentencing court, and the prisoner's parole date is set by the Parole Commission. The Commission determines the inmate's parole date by applying guidelines which are based on the characteristics and severity of both the offense and the offender. *See Schiselman v. U.S. Parole Commission*, 858 F.2d 1232, 1234 (7th Cir.1988). Offenses receive a "severity rating" which is based not merely on the crime for which the prisoner was convicted, but also on the Commission's assessment of the prisoner's total offense behavior and history. The offender's parole prognosis is rated by his "salient factor score." 28 C.F.R. § 2.20 (1988). With ten being the most desirable score, a prisoner receives upward point adjustments based on such factors as age at the commencement of

offense, history of drug dependency and prior convictions. *Id.* The two ratings are then used with a grid to determine the prisoner's suggested term of imprisonment or "guideline range." *See*, Comment, *Access, Accuracy and Fairness: The Federal Presentence Investigation Report Under Julian and the Sentencing Guidelines*, 1989 Wis.L.Rev. 837, 841 n. 19.

2. Pulver has never been charged with the commission of any murder and denies any involvement in the planning or execution of a murder.

3. Had the Commission not considered murder to be part of his offense history, his severity score, including the gang rape he previously served five years for, would have been seven. Computed with a salient factor of nine, his guideline range would have been a 52–80 month term.

would serve his entire term of approximately 159 months.

Pursuant to 28 C.F.R. § 2.26, in April, 1988, Pulver appealed this decision to the National Appeals Board. On appeal Pulver submitted affidavits from the District Attorney who prosecuted the murderer of Donald "Digger" Hansen, the Chief of Police who headed the police investigation into the Hansen murder, and the detective-sergeant who was assigned to the prosecutor's office to investigate the murder. All affidavits clearly indicated that no evidence ever linked Pulver to the murder and that Thomas Alaxanian, Jr., who entered an *Alford* plea to the murder, was properly convicted.[4] In addition, Pulver submitted an affidavit by a "Club" member stating that any assertions he may previously have made to F.B.I. agents on May 6, 1985 were coerced and untrue. Finally, Pulver submitted a newspaper article by former "Club" member James Harwood, a principal witness in the prosecution of Pulver on his current offense, indicating that Alaxanian was solely responsible for Hansen's murder. Nonetheless, in June of 1988, the Appeals Board affirmed the Commission's prior decision. Their notice of action stated that after considering his version of the offense they were still persuaded that the Commission correctly concluded that Pulver had been involved in a murder.

## II.

## DISCUSSION

### A. *Sufficiency of the Evidence*

■ Pulver asserts that the evidence upon which the Commission based its determination that his offense severity included murder was so unreliable as to violate his due process rights. Since Congress has delegated sole discretionary authority to grant or deny parole to the Commission, absent a procedural or legal error, judicial review of Parole Commission action is limit-

ed to determining whether the Commission action was arbitrary or capricious. *Schiselman v. U.S. Parole Comm'n.*, 858 F.2d 1232, 1237 (7th Cir.1988); *Romano v. Baer*, 805 F.2d 268, 270 (7th Cir.1986); *See* H.R. CONF.REP. 838, 94th Cong., 2d Sess. 27, *reprinted in* 1976 U.S.CODE CONG. & ADMIN. NEWS 335, 351, 359. *See also*, 18 U.S.C. §§ 4206(c), 4218(d). Accordingly, if the information relied on by the Commission is sufficient to provide a factual basis for its reasons, we must affirm their findings. *Solomon v. Elsea*, 676 F.2d 282, 285, 290 (7th Cir.1982).

■ The evidence upon which the Commission based their finding that the petitioner's offense history included murder was based on an F.B.I. investigative report and several statements from "Club" members implicating Pulver in Hansen's murder. While these reports and statements would be inadmissible as hearsay in an adversarial proceeding governed by the Federal Rules of Evidence, the Commission is granted broad discretion to review material which is merely helpful to determine whether to grant parole. *Id.* at 288. 18 U.S.C. § 4207. Since statements of "Club" members are clearly relevant to ascertaining the slayer of a fellow member, and since we grant the Commission great deference in making parole determinations, we hold that this evidence, viewed independently from the exculpatory evidence which the petitioner effectively could not present at his parole hearing, was sufficient to base a determination that the petitioner was involved in a murder.

### B. *Insufficient Disclosure*

■ The Commission did, however, err by failing to comply with the disclosure provisions of 18 U.S.C. § 4208(b) & (c).[5] Precisely because Congress authorized the Parole Commission to base their parole determinations on information which has not

---

**4.** *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

**5.** 18 U.S.C. § 4208(b) states that "[a]t least thirty days prior to any parole determination proceeding, the prisoner shall be provided with ...

reasonable access to a report or other document to be used by the Commission in making its determination." Subsection (c) provides that any material withheld from disclosure is to be summarized for the inmate.

been proven in an adversarial setting, it codified prisoner due process rights designed to eliminate factual inaccuracies in Parole Commission materials. *Id.* Chief among these rights is the prisoner's right to be given reasonable access to materials the Commission will use in making their determination *at least thirty days* before their hearing. 18 U.S.C. § 4208(b). This unambiguously worded federal statute is not a "respectful request" or "helpful hint." It is a congressionally imposed bridle upon a statutorily created administrative agency, which, by this record, appears to have disregarded Pulver's diligent assertions of his statutorily created due process rights. Given the quality and quantity of the exculpatory affidavits which Pulver could not have known to amass and present at his initial hearing, we cannot conclude that this error was harmless beyond a reasonable doubt. That Pulver was given the opportunity to present these affidavits to the Appeals Board is of no moment. Since appeals boards generally give deference to findings of hearing boards and since the statute, by its terms, clearly requires thirty days notice before any parole determination proceeding, Pulver's presentation of his affidavits to the Appeals Board could not cure the harm caused by the Parole Commission's violation of federal law. Accordingly, we reverse the judgment of the district court and remand the case with instruction to grant the petition unless the Parole Commission orders a new hearing consistent with this opinion within sixty days of its issuance.[6]

REVERSED AND REMANDED.

---

6. Though we need not and do not decide whether the Commission violated 18 U.S.C. § 4206(b) by failing to state with *particularity* the reasons for their denial of Pulver's parole, on remand we expect the Commission to provide a statement of reasons which "adequately informs [Pulver] of the grounds for the decision and also enables a court of review to determine whether parole has been denied for an impermissible reason." *Solomon v. Elsea,* 676 F.2d at 286. Beyond providing notice, a particularized statement of reasons helps preclude *ex post* justification of arbitrary decisionmaking on review.