935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Louis J. INGLESE, Petitioner-Appellant,
v.
Tom KINDT, Warden, and any other person having custody and
control of the body of Louis J. Inglese,
Respondent-Appellee.
 No. 90-1128.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 8, 1991.*
Decided June 10, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Pro se petitioner Louis Inglese raises one issue in his appeal from the district court's partial denial of his petition for a writ of habeas corpus brought under 28 U.S.C. 2241: whether the United States Parole Commission abused its discretion in determining his offense severity category. The district court granted the writ as to a separate determination of the commission. Specifically, Inglese challenges the Parole Board's drug quantity calculation from his 1974 conviction for drugs.
 
 
 2
 Between 1969 and 1973, Inglese ran the New York branch of a large drug processing and distribution ring that operated in New York, New Jersey and Washington, D.C. A jury in the Southern District of New York convicted Inglese and about thirty of his confreres on conspiracy and possession charges. Inglese was convicted on all of the fourteen counts of the thirty count indictment directed at him.[1] These counts were as follows:
 
 
 3
 Count 1 Conspiracy to violate federal narcotics laws;
Count 2 Continuing criminal enterprise in violation of 21 U.S.C. Sec. 848;
Count 3 Receipt of 30 bags of heroin in June 1969;
Count 4 Receipt of 1/2 ounce of heroin in June 1969;
Count 5 Receipt of 1 ounce of heroin in October 1969;
Count 6 Receipt of 1 ounce of heroin in October 1969;
Count 8 Receipt of 1/4 kilogram of cocaine in August 1970;
Count 11 Sale of 3/4 kilogram of cocaine in December 1970;
Count 12 Sale of 3/4 kilogram of cocaine in December 1970;
Count 13 Sale of 3/4 kilogram of cocaine in December 1970;
Count 14 Receipt of 1 ounce of heroin in December 1970;
Count 23 Possession of 3 kilograms of heroin in July 1972;
Count 24 Possession of 3 kilograms of heroin in October 1972; and
Count 28 Possession of 1/2 kilogram of cocaine in May 1973.
 
 
 4
 The Second Circuit affirmed his conviction. United States v. Tramunti, 513 F.2d 1087, cert. denied, 423 U.S. 832 (1975). The Commission tallied up these amounts and determined that Inglese was involved in a large scale heroin offense--one involving six kilograms or more--and employed a category eight offense severity rating.
 
 
 5
 Because Congress has delegated sole discretionary authority to grant or deny parole to the Commission, absent a procedural or legal error, judicial review of Commission action is limited to determining whether the Commission action was arbitrary or capricious. Pulver v. Brennan, 912 F.2d 894, 896 (7th Cir.1990). The Commissions' regulations provide that "extremely large scale" operations, which are graded as category eight, must involve 3 kilograms or more of 100% pure heroin or an equivalent amount. 28 C.F.R. Sec. 2.20, Chapter 9, Subchapter A. Note 4 to Chapter 9 states that if weight, but not purity is available, 6 kilograms or more is to be considered extremely large scale. Applying these directives, the Commission concluded that Counts 23 and 24--which together involved 6 kilograms of heroin--were sufficient to characterize Inglese's 1974 conviction as an extremely large scale offense. Adding the other heroin that Inglese bought and sold, not to mention the heroin his operatives distributed at his direction, puts him well over the top of the six kilogram threshold.
 
 
 6
 For his argument, Inglese contends that the purity of the heroin was available, making Note 4 inapplicable. For proof, he focuses on a footnote in the Government's appellate brief in Tramunti which mentions a stipulated amount and purity of heroin that co-defendant Frank Russo sold to an undercover agent in January 1973. The purity of that heroin was stipulated as between 9.3 and 12.4 percent. The problem with Inglese's argument is that this sale, listed as Count 26, has no demonstrated relation to Inglese and the heroin he possessed or distributed. Because the purity of Inglese's heroin was unknown, the Commission was justified in concluding that his offense was extremely large scale, entitling him to a severity rating of category eight.
 
 
 7
 For this reason, the decision of the district court denying the petition for a writ of habeas corpus is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Petitioner-appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 The district court dismissed one count against Inglese prior to trial