929 F.2d 703
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Zachary Carnell BROWN-EL, Petitioner-Appellant,
v.
Warden E.J. BRENNAN, Respondent-Appellee.
 No. 90-2724.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 20, 1991.*
Decided April 1, 1991.
Rehearing and Rehearing En Banc Denied Aug. 22, 1991.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 90-C-251, Barbara B. Crabb, Chief Judge.
 W.D.Wis.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED FOR A DETERMINATION OF MOOTNESS.
 Before CUDAHY, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner-appellant Zachary Carnell Brown-El filed a petition for a writ of habeas corpus in the district court, which alleged that a number of deficiencies in his parole revocation proceedings deprived him of due process. In addition, the petition alleged that Brown-El's eighth amendment right against cruel and unusual punishment was violated by punishing him for the use of drugs to which he was addicted. The district court denied the petition.
 
 
 2
 The events underlying the habeas petition are as follows. Based upon the probation officer's reports of Brown-El's repeated use of illicit drugs, a violator warrant was issued and Brown-El was taken into custody. A preliminary hearing was provided regarding the charge of drug use, and the Commission determined that probable cause existed for the alleged violations. Brown-El requested a local revocation hearing. Prior to the revocation hearing, the Commission added the charge of interference with a child custody order. The added charge was based upon an incident which occurred in El Paso, Texas. Brown-El was provided a copy of the warrant, but did not receive all of the information which supported the charge. In particular, Brown-El did not receive a copy of a letter from a probation officer which detailed the basis for the child custody charge. The revocation hearing was held in Danville, Illinois, and resulted in the revocation of Brown-El's parole. In his habeas petition, Brown-El challenged the procedures employed by the Commission on the following grounds: (1) no preliminary hearing was provided regarding the child custody charge; (2) the Commission lacked a factual basis to find a violation of the child custody charge; (3) Brown-El was punished for exercising his fifth amendment right to remain silent; (4) the preliminary and revocation hearings were not held reasonably near the place of the alleged violation; and (5) the revocation hearing was not timely.
 
 
 3
 An an initial matter, we must determine whether recent developments have rendered the challenge to the revocation proceedings moot. Status reports filed with this court indicate that the United States Parole Commission's National Appeals Board (the Board), in a switch from its prior decision, had reopened Brown-El's case and ordered a supplemental revocation hearing regarding the child custody charge. The Board ordered disclosure to Brown-El of all written information concerning the criminal charge prior to the hearing. In addition, the Board ordered that a local hearing be conducted at the site of the alleged violation in Texas if Brown-El requested such a hearing and if the Commission decided that such a hearing was necessary; otherwise, the hearing would be conducted at the federal prison where he is now incarcerated. The Board's decision did not affect the Parole Commission's findings regarding the use of illicit drugs.
 
 
 4
 Under the case-or-controversy requirement of Article III, a court can only decide cases in which the litigant has suffered some actual injury that can be redressed by a favorable judicial decision. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). Therefore, we must decide whether the action by the Parole Commission provides all the relief that Brown-El seeks in this habeas petition.
 
 
 5
 Actions by administrative agencies implicate two different areas of mootness law. On the one hand, administrative decisions are analogous to relief by a judicial tribunal, which can operate to moot a case in another forum by granting the relief sought in the other proceeding. On the other hand, because the administrative agency is usually the one accused of the unconstitutional action, a shift in position by the agency is analogous to the voluntary cessation of illegal activity by a defendant. Such voluntary cessation renders a case moot only if the defendant can prove that there is no reasonable likelihood that the wrong will be repeated.[1] United States v. W.T. Grant, 345 U.S. 629 (1953). Thus, as one commentator has noted, "[i]f an administrative agency provides the relief demanded in an action for judicial review, mootness mingles the principles of relief in another proceeding with the principles of self-correction." 13A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, Jurisdiction 2d Sec. 3533.2 at 242-43 (1984).
 
 
 6
 In this case, we have no reason to doubt the sincerity of the Parole Commission's decision to provide a supplemental hearing. With his due process challenge to the prior hearing, Brown-El essentially seeks a new hearing that comports with the requirements of federal and constitutional law. The hearing granted by the Board thus appears to constitute all the relief requested in this action. The Board specified in its order that the letter of September 20, 1988, "shall be provided" to Brown-El prior to the hearing. That letter described the circumstances surrounding the custody charge, and was not revealed to Brown-El before the previous hearing on the charge. Moreover, a letter from the Parole Commission promised the disclosure of all written information concerning the child custody charge. Those assurances indicate that the supplemental hearing will resolve Brown-El's claim that he was not apprised of the evidence against him. See Morrissey v. Brewer, 408 U.S. 471, 485-90 (1972) (disclosure of evidence against parolee is minimum requirement of due process); 18 U.S.C. Sec. 4214(a)(2)(D) (requiring that parolee be apprised of the evidence against him). See also Pulver v. Brennan, 912 F.2d 894 (7th Cir.1990) (recognizing similar rights even for parole hearings for inmates).
 
 
 7
 One of Brown-El's other challenges to his hearing may not be so clearly redressed by the supplemental hearing. In the same letter promising the disclosure of information, the Parole Commission indicated that the supplemental hearing would be conducted in Texas if Brown-El requests a local hearing and if the Commission decides that such a hearing is necessary. The latter part of the assurance is the problem. One of Brown-El's due process challenges to the prior hearing was that it was not conducted in Texas, the apparent location of the child custody violation. Under 18 U.S.C. Sec. 4214(a)(1)(B), a parolee "shall be accorded the opportunity to have.... a revocation hearing at or reasonably near the place of the alleged parole violation or arrest." That statute codifies the due process right recognized by the Supreme Court that some minimal inquiry be conducted at or near the place of the alleged violation or arrest. Morrissey, 408 U.S. at 485. Neither the statute nor the Supreme Court decision gives the Commission the power to abrogate that right upon its own determination that a local hearing is "unnecessary." Therefore, the hearing granted by the Commission may not grant Brown-El all the relief which he is seeking in this court.
 
 
 8
 The resolution of this question hinges upon whether Brown-El will again request a local hearing, and on whether the Commission will exercise its asserted ability to veto the locale. The former contingency is likely to occur because Brown-El repeatedly asserted his right to a local hearing the last time. The Commission's likely decision is less clear. The explicit retention of the right to deem a local hearing "unnecessary" may indicate that the Commission intends to exercise that power, but that inference is not strong enough to raise the analysis beyond mere speculation. The proper path, therefore, is simply to remand the case in order for the district court to determine whether a local hearing will be provided if requested.[2] That inquiry appears to come close to a determination of whether the new hearing will itself violate the due process clause, which of course is not the issue before this court. We nevertheless cannot avoid an inquiry into the relief offered by the Parole Commission to Brown-El. If that relief does not address one of the due process concerns raised in this case, then only partial relief is being offered and the case is not moot regarding the remaining issue.
 
 
 9
 Finally, Brown-El's eighth amendment claim was unrelated to the child custody charge, and therefore is unaffected by the Parole Commission's decision to provide a supplemental hearing. Brown-El argues that revocation of probation based upon his use of illicit drugs is punishment for an addiction in contravention of the Supreme Court's holding in Robinson v. State of California, 370 U.S. 660 (1962). We note initially that Brown-El is challenging a condition of parole rather than a criminal statute. Even ignoring that distinction, however, Robinson does not provide support for his claim. In Robinson, the criminal statute made it a misdemeanor to use narcotics or to be addicted to narcotics. 370 U.S. at 662. The Court noted that it had previously upheld the power of a state to regulate the use of dangerous and habit-forming drugs. 370 U.S. at 664. That holding was not disturbed by the Robinson Court. Instead, the Court in Robinson held that punishment solely for the status of being addicted was cruel and unusual punishment under the eighth amendment. Brown-El's parole was not revoked because he was addicted to narcotics. In fact, he was receiving treatment for his addiction, and would have remained on parole if he had not begun using illicit drugs again. Under Robinson, the state may constitutionally punish Brown-El for that use.
 
 
 10
 Accordingly, the decision of the district court is AFFIRMED in part, VACATED in part and REMANDED for a determination of mootness.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 This approach to determining mootness is generally applied in cases involving requests for injunctive relief, because the injunction would affect future conduct to which the defendant might revert. In United States v. Articles of Drug Consisting of 203 Paper Bags, 818 F.2d 569 (7th Cir.1987), however, we applied a similar--although less exacting--standard to a case not involving injunctive relief. Moreover, the applicability of this approach makes sense; if we had information indicating that the Parole Commission had no intention of actually providing the hearing ordered by the Board, or that the hearing would not be conducted in any different manner than the previous one, then we would not be bound to nevertheless find the case moot simply because the administrative decision granted the relief to Brown-El
 
 
 [2]
 Under the W.T. Grant standard, the case would not be considered moot unless the Commission could establish that the hearing ordered by the Board would redress the constitutional concerns raised in the habeas petition. In Ragsdale v. Turnock, 841 F.2d 1358, 1365 (7th Cir.1988), we noted that self-correction by government officials is generally treated with more solicitude by courts than similar actions by private parties. Accordingly, we think the better approach in this case is to remand for a determination of mootness