966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carless JONES, Petitioner-Appellant,
v.
T.R. KINDT, Warden, Respondent-Appellee.
 No. 91-2571.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 8, 1992.*
Decided June 9, 1992.
 
 Before BAUER, Chief Judge, FLAUM, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Carless Jones is serving a twenty-two year term of imprisonment for his role in a bank robbery. Because of his arrest for possession of a controlled substance while residing at a halfway house, the United States Parole Commission decided to rescind Mr. Jones' effective parole date of September 3, 1989, and continue his presumptive parole date for six years. Mr. Jones argues that the Parole Commission has violated his due process rights since its decision was based on erroneous information. The district court denied Mr. Jones' petition for habeas corpus, 28 U.S.C. § 2241, and we affirm.
 
 I. Background
 
 2
 In anticipation of his September 3, 1989, expected parole, the Bureau of Prisons transferred Mr. Jones from the United States Penitentiary at Terre Haute, Indiana, to the Independence House Family Community Treatment Center (CTC) in Denver, Colorado. On July 13, 1989, while a resident of the CTC, Mr. Jones was arrested by Denver police officers for possession of crack cocaine.
 
 
 3
 The manager of a Denver hotel called the police to report suspicious activity in room #125, which had lead him to believe the occupants were engaging in narcotics trafficking. Officers of the Denver Police Department responded to the call. Mr. Jones and Rachelle Simmons, the person to whom the room was registered, were in room #125 when the officers arrived. When Ms. Simmons opened the door of room #125, the officers immediately noticed several large rocks of crack cocaine and a pile of money on a table between the two beds. A further search uncovered a small amount of crack cocaine in a pack around Ms. Simmons' waist and a small plastic gram scale. Both Mr. Jones and Ms. Simmons were arrested and taken to Denver Police Headquarters. At the police station, Ms. Simmons told a detective that she had a drug problem and used crack cocaine, but that Mr. Jones was actually selling it. Although he was charged with possession of a controlled substance, the charges were later dismissed.
 
 
 4
 The police notified the CTC that Mr. Jones had been arrested. The CTC Discipline Committee held a hearing in which Mr. Jones was found guilty of technical escape[1] and possession of a controlled substance. Among other sanctions, the Committee recommended that the Parole Commission hold a hearing on rescission of Mr. Jones' effective parole date. The Parole Commission held a rescission hearing on November 28, 1989. On December 7, 1989, the Commission notified Mr. Jones that his effective parole date of September 3, 1989 was rescinded, and that his new presumptive parole date was September 3, 1995. This decision was upheld by the National Appeals Board. Mr. Jones filed a habeas corpus petition in the district court challenging the procedures employed at the CTC hearing, and the evidence relied upon by the Parole Commission. The district court dismissed the procedural challenges to the CTC hearing for failure to exhaust administrative remedies, and affirmed the judgment of the Parole Commission. The only issue that Mr. Jones appeals to this Court is the adequacy of the evidence relied on by the Parole Commission.[2]
 
 II. Argument
 
 5
 Mr. Jones asserts that the information relied on by the Parole Commission in rescinding and continuing his parole date was so erroneous as to violate his rights to due process. Our review of the Parole Commission's action is limited to determining whether the action was arbitrary or capricious. Romano v. Baer, 805 F.2d 268, 270 (7th Cir.1986); 18 U.S.C. § 4218(d). If the information the Commission relied on "is sufficient to provide a factual basis for its reasons," we will affirm. Pulver v. Brennan, 912 F.2d 894, 896 (7th Cir.1990). In making parole determinations, the Commission is not bound by the Federal Rules of Evidence. Id.; 18 U.S.C. § 4207; F.R.E. 1101(d)(3).
 
 
 6
 In rescinding and continuing Mr. Jones' parole date, the Parole Commission relied primarily on two Denver Police Department reports detailing the circumstances surrounding Mr. Jones' arrest. Mr. Jones argues that these reports are unreliable and an improper basis for the Commission's decision. We allow paroling authorities to consider hearsay information of criminal activity to support parole decisions. See Christopher v. U.S. Bd. of Parole, 589 F.2d 924, 932 (7th Cir.1978); Pulver, 912 F.2d at 896. Mr. Jones relies on Downie v. Klincar, 759 F.Supp. 425 (N.D.Ill.1991), for the proposition that if police reports are to be considered by the Parole Commission, they must be supported by some other indicia of reliability. Assuming, arguendo, that this is a correct statement of the law in this circuit, the police reports in this case were so supported. Mr. Jones himself submitted an affidavit from Rachelle Simmons, his co-defendant in the possession case, attesting to the fact that Mr. Jones was present when the police "found the dope in my room." In addition, Downie states that a police report may be sufficiently reliable if there is "a highly detailed description in the report." 759 F.Supp. at 429. The police report by the Metro Crack Task Force was exceedingly detailed, thus enhancing its reliability. Mr. Jones maintains that the fact he was never convicted of the possession offense undermines the credibility of the police reports. However, a conviction is not required before the Commission can consider evidence of criminal behavior in making parole decisions. Kramer v. Jenkins, 803 F.2d 896, 900 (7th Cir.1986).[3] The absence of a conviction does not render the police reports unreliable.
 
 
 7
 Mr. Jones also attacks the Commission's decision because the two hearing examiners assigned to his case gave different recommendations as to the action to be taken. The regulations governing Parole Commission proceedings provide, "In the event an examiner panel cannot agree upon a recommendation, the administrative hearing examiner shall vote." 28 C.F.R. § 2.23(d). In this case, the administrative hearing examiner concurred with one panel member's recommendation that Mr. Jones' parole date be rescinded and a new presumptive parole date be set at September 3, 1995. This recommendation was approved by the Regional Commissioner, and became the Commission's decision. The fact that one hearing examiner did not completely agree with the recommendation does not undermine the final decision.
 
 
 8
 The Parole Commission's action was not arbitrary or capricious. The judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Mr. Jones did not return to the CTC because he was being held in the Denver City Jail on the possession charge
 
 
 [2]
 Although Mr. Jones addresses exhaustion in his opening brief, we need not address whether he exhausted his administrative remedies with regard to the CTC hearing since he attacks only the actions of the Parole Commission on appeal. With respect to the Parole Commission's decision, Mr. Jones did exhaust his administrative remedies
 
 
 [3]
 We note that Mr. Jones was not acquitted of the possession offense, rather the charges were dismissed upon the government's request, after a motion to suppress evidence was granted by the trial court