968 F.2d 1218
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael DELLARIA, Petitioner/Appellant,
v.
Tom KINDT, Warden, Respondent/Appellee.
 No. 90-2473.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 15, 1992.*
Decided July 17, 1992.
As Amended on Denial of Rehearing and Rehearing En Banc
Denied Oct. 16, 1992.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Michael Dellaria, an inmate at the United States Penitentiary in Terre Haute, Indiana, pleaded guilty to kidnapping, 18 U.S.C. § 1201(a)(1), and transporting a motor vehicle in interstate commerce, 18 U.S.C. § 2312, for which he was sentenced in 1978 to a 40-year term in prison. Prior to his initial parole hearing on February 4, 1988, Mr. Dellaria was informed that his offense severity category was eight and his salient factor score was two.[1] The panel recommended a presumptive parole after service of 216 months (April 9, 1996) to a detainer from the state of Pennsylvania. However, the Regional Commissioner disagreed and referred the case to the National Commissioners. 28 C.F.R. § 2.24(a). The National Commissioners determined that Mr. Dellaria would continue to serve his sentence until a 15-year reconsideration hearing in February 2003. In the Notice of Action of March 25, 1988, the Commissioners told Mr. Dellaria that the decision was warranted "because your instant offense behavior constitutes your sixth prosecuted instance of criminally assaultive behavior. You were on parole from a sentence for sexually assaultive behavior when you committed your instant offense behavior." The National Appeals Board affirmed that decision, finding "no new or significant information ... which would justify a more lenient decision." Mr. Dellaria's requests to reopen his case, 28 C.F.R. § 2.28(a), were denied; however, Mr. Dellaria was informed that he could discuss the alleged errors at his statutory interim hearing in February 1990.
 
 
 2
 Mr. Dellaria filed a petition for habeas corpus, 28 U.S.C. § 2241, alleging that the United States Parole Commission ("Parole Commission" or "Commission") denied him due process by basing its decision on erroneous information. Specifically, Mr. Dellaria avers that the decision was based on 1) five prior prosecuted instances of sexual assault, whereas he only had two such convictions, and 2) a determination that he had a mimimum of five years to serve in Pennsylvania, whereas in actuality he must serve a minimum of 15 years for three consecutive mandatory sentences. The district court denied the petition, concluding that the record supported the Commission's factual findings of "four assaultive sexual offenses and one other offense involving sex, drugs and women." The district court also concluded that if the Commission erred in considering that only one five-year mandatory sentence was to be served in Pennsylvania, such an error did not raise a constitutional issue, as it could be corrected during the February 1990 interim hearing. Finally, the district court noted that because an offense severity category of eight has no maximum guideline, the 240-month decision was within the guidelines. Mr. Dellaria, pro se, appeals this decision, arguing that the district court erred in denying his petition because the decision of the Parole Commission was arbitrary and capricious.
 
 
 3
 "Since Congress has delegated sole discretionary authority to grant or deny parole to the Commission, absent a procedural or legal error, judicial review of Parole Commission action is limited to determining whether the Commission action was arbitrary or capricious." Pulver v. Brennan, 912 F.2d 894, 896 (7th Cir.1990). We will affirm if "there is a rational basis in the record for the Commission's conclusions as set forth in its statement of reasons." Schiselman v. United States Parole Comm'n, 858 F.2d 1232, 1237 (7th Cir.1988); see also Kramer v. Jenkins, 803 F.2d 896, 901 (7th Cir.1986) ("Our review ... is confined to the record before the Commission and limited to a search for 'some evidence' in support of the decision.").
 
 
 4
 Mr. Dellaria contends that the Commission improperly considered charges of which he was acquitted. 28 C.F.R. § 2.19(c) (1988) ("the Commission shall not consider in any determination charges upon which a prisoner was found not guilty after trial"). First of all, Mr. Dellaria confuses an acquittal with a dismissal. A conviction is not required before the Commission can consider evidence of criminal behavior in making a parole decision. Kramer, 803 F.2d at 900 (comparing parole officials to sentencing courts, which can consider offenses of which the defendant had not been charged). The Commission has "broad discretion to review material which is merely helpful to determine whether to grant parole." Pulver, 912 F.2d at 896; 18 U.S.C. § 4207. The Commission did not, in fact, consider any offenses of which Mr. Dellaria had been acquitted, rather it apparently used the word "prosecuted" to indicate "charged."[2]
 
 
 5
 In addition, contrary to Mr. Dellaria's contention, the Commission did not rely on an erroneous assumption that he faced a minimum sentence of five years in Pennsylvania upon completion of his federal sentence. Mr. Dellaria bases his contention on the following statement in the Regional Commissioner's evaluation: "subject has a 5-10 year consecutive State term in Pennsylvania (some file date states a 15-30 year state term)." This statement was not a part of the National Commissioners' statement of reasons and thus is of no consequence. Moreover, in denying Mr. Dellaria's second request to reopen his case, the Commission stated that Mr. Dellaria's 15-30-year state sentence was already reflected in the Commission's file material.
 
 
 6
 Mr. Dellaria has not established that the Commission relied on erroneous or improper information. Cf. Phillips v. Brennan, 912 F.2d 189 (7th Cir.1990). In fact, a rational basis exists in the record to support the Commission's decision. Solomon v. Elsea, 676 F.2d 282, 291 (7th Cir.1982). Moreover, the remedy that Mr. Dellaria seeks is a special reconsideration hearing by the Commission. However, Mr. Dellaria was told that he would be able to raise his concerns at an interim hearing scheduled for February 1990, which he has since waived. See Appellant's Brief at 9.
 
 
 7
 Because the Parole Commission's action was not arbitrary or capricious, Mr. Dellaria's due process claim fails. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The severity category is based on the crime for which the prisoner was convicted as well as his total offense behavior and history, whereas the salient factor is his parole prognosis. These two ratings are used with a grid in order to determine the prisoner's suggested guideline range, that is to say the customary total time to be served before release. See Pulver v. Brennan, 912 F.2d 894, 895 n. 1 (7th Cir.1990). The grid does not specify any upper limits for severity category eight because of the extreme variability of the cases within this category. 28 C.F.R. § 2.20. Mr. Dellaria has not contested these ratings, which indicate a guideline of 180+ months
 
 
 [2]
 The presentence report, relied upon by the Commission, indicates that Mr. Dellaria was charged, though not acquitted, of assault in the following instances: charges of carrying a gun and pointing a deadly weapon in 1972 that involved Mr. Dellaria's ripping the pocket off of a waitress' blouse were dismissed; for a later incident in 1972, although the charge of assault with intent to ravish was dismissed, he was convicted of corrupting a minor; although he was convicted of burglary in 1974, it is unclear what became of the charges of rape and assault with a deadly weapon, though he was sentenced to five years on the burglary, his other charges were to run concurrently; and in 1978 he was convicted of attempted rape, involuntary deviate sexual intercourse, armed robbery, and aggravated assault. In addition, at the time of the pre-sentence report's preparation, there were pending charges against Mr. Dellaria for attempted rape. hus, Mr. Dellaria's assertion that he was acquitted of many of these charges is simply false