69 F.3d 540
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas D. STANTON, Plaintiff-Appellant,
v.
WISCONSIN PAROLE COMMISSION, et al., Defendants-Appellees.
 No. 94-3050.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1995.[1]
Decided Oct. 26, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Jan. 5, 1996.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Thomas D. Stanton, a Wisconsin prisoner serving a life sentence for murder, filed this action pursuant to 42 U.S.C. Sec. 1983, arguing that the Wisconsin Parole Commission violated his right to procedural due process when it gave insufficient reasons for denying his parole application in 1992. The district court entered summary judgment in favor of the Commission.
 
 
 2
 The Commission's decision denying Stanton's request for parole included the following rationale:
 
 
 3
 You have not yet served sufficient time for punishment noting the unnecessary loss of life and violence of the crime. On the positive side, you have demonstrated good adjustment during this last deferral period. In addition, your program participation has been satisfactory as well. You graduated from the small business management program at Stillwater Correctional Facility back in 1982. In 1986 while at WCI you completed a ten-week drug awareness group. More recently, in 1991, you completed the anger aggression management counseling. Much improvement has been noted since the last time you were in medium security at OSCI when you got involved in some major conduct difficulties which got you back to maximum.
 
 
 4
 Your parole plan to be released to Las Vegas, Nevada, to reside with your uncle appears to be adequate but will necessitate an interstate compact with the state of Nevada at a more appropriate time.
 
 
 5
 Release at this time would involve an unreasonable risk to the public. The correctional system needs to monitor your behavior in medium and eventually in minimum security for an extended period of time.
 
 
 6
 We agree with the district court that the reasons set forth by the Commission met due process requirements because the reasons are sufficient to enable this court to determine whether the parole denial was based on impermissible grounds. See Solomon v. Elsea, 676 F.2d 282, 286 (7th Cir.1990); Heirens v. Mizell, 729 F.2d 449, 465 (7th Cir.1984); U.S. ex rel. Scott. v. Illinois Parole and Pardon Bd., 669 F.2d 1185 (7th Cir.1982).
 
 
 7
 The reasons given by the Commission refer to the specific conduct underlying the first degree murder conviction, Stanton's institutional adjustment, including the disciplinary problems he has exhibited while in prison. The Commission's statement also provides specific goals, including the monitoring of Stanton's behavior in first a medium security, and then a minimum security, setting.
 
 
 8
 Stanton also argues that the Board's findings that his release would "constitute an unreasonable risk to the public" is conclusory and includes no supporting facts. The Commission need not specify particular evidence upon which it based its decision. Greenholtz v. Nebraska Penal and Correctional Complex, 442 U.S. 1, 15 (1979); Walker v. Prisoner Review Board, 694 F.2d 499, 502 (7th Cir.1982); Scott, 669 F.2d at 1190.
 
 
 9
 Stanton argues that the Parole Board's reference to "unreasonable loss of life and violence of crime" is meaningless because all murders involve violence and unreasonable loss of life. The Commission's statement quoted above clearly shows that the Commission considered the positive aspects of Stanton's conduct and release plans, and did not place undue emphasis on the severity of his crime to the exclusion of considering mitigating factors weighing in favor of granting parole.
 
 
 10
 Stanton also asserts that the Wisconsin parole authorities routinely grant release to "others convicted of first degree murder ... after approximately 14 years," and he has served 17 years in prison. There is no indication, however, that Stanton is arguing disparate treatment based on a suspect class, and he has made no effort to identify the facts surrounding those cases where inmates convicted of murder are granted parole after serving 14 years in prison. See DeSalle v. Wright, 969 F.2d 273, 275 (7th Cir.1992).
 
 
 11
 Stanton argues further that there are factual inaccuracies in the admissions report. However, Stanton concedes that he was allowed to review his file and to respond to information contained in that file. Thus, the mere presence of factual inaccuracies does not violate his due process rights where he has been given the opportunity to bring the alleged inaccuracies to the parole board's attention. See Mosley v. Klincar, 947 F.2d 1338, 1341 (any due process violation caused by false or prejudicial information is cured by prisoner's right to review and respond to objectionable material), citing Walker v. Prisoner Review Board, 769 F.2d 396, 401-02 (7th Cir.1986). See also Pulver v. Brennan, 912 F.2d 894, 896-97 (7th Cir.1990) (inmate must have opportunity to eliminate factual inaccuracies in material relied on by Parole Commission).
 
 
 12
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the record and the briefs