**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brad C. BRADLEY,**
**Defendant–Appellant.**

**No. 89–1279.**

United States Court of Appeals,
Seventh Circuit.

Feb. 26, 1990.

Maxine A. White, Asst. U.S. Atty., Christian R. Larsen, Ann M. Kisting, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff-appellee U.S.

William S. Mautner, Atinsky, Kahn, Sicula & Teper, Milwaukee, Wis., for defendant-appellant Brad C. Bradley.

## ON PETITION FOR REHEARING

Before POSNER, COFFEY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

The indefatigable Melvin P. Deutsch is back. In affirming Brad Bradley's conviction for weapons offenses, we observed that Deutsch is not a member of the bar and held that Bradley is not entitled to be represented by a *poseur.* 892 F.2d 634.

After we affirmed his conviction, Bradley scorned the services of William Mautner, his appointed lawyer, and turned back to Deutsch, who filed a document styled "Melvin P. Deutsch, Esquire, a Fried [sic] of the Court and an Interested Party's Petition for Rehearing with Suggestion for Rehearing In Banc". Deutsch represents that Bradley authorized him to file this document and contends that Bradley has meritorious defenses that Mautner did not pursue. Most of the document, though, is devoted to asserting that he is indeed a member of the bar, has been for 33 years, and that if state officials in Wisconsin can't find his name on the rolls, it is only because "to practice law in the state of Wisconsin, a person is not required to be a member of the Wisconsin bar". Twaddle. Impersonators of lawyers or physicians sometimes escape detection because they do good work, despite lacking credentials. Deutsch does not have even that saving grace. You needn't be a resident of Wisconsin to join its bar, Wis.S.Ct.R. 40.02, but you must join its bar to practice law, which includes holding yourself out as a lawyer,

Wis.Stat. § 757.30. One requirement for membership is good character. Deutsch may find that hurdle too high, for he has just been released from federal prison on completing his term for mail fraud.

As for the fact that the Supreme Court's records revealed that Deutsch is not a member of its bar (and has not appeared even once, let alone won the seven cases to which he lays claim), Deutsch insists that we misunderstood him: he said he won seven of eight in the "Highest Court in the land" meaning—as we should have known all along—the Supreme Court of Canada. Not wanting the privilege for the contents of a judicial opinion to shelter the libel of an innocent lawyer, we inquired of the Supreme Court of Canada. No luck. They, too, have no record of a Melvin Deutsch appearing as counsel in any case, and no Melvin Deutsch belongs to that court's bar. But they do know about Mr. Deutsch. He appeared *pro se* in five cases and lost them all. One is illustrative. The Queen charged Deutsch with soliciting prostitutes for the customers of his business, "Global Franchise Marketing". An appellate court held the indictment sufficient; Deutsch argued his own cause before the Supreme Court of Canada, which agreed with the appellate court and dismissed the appeal. *Regina v. Deutsch,* 1986–2 Can.S.Ct.Rep. 2. See also, e.g., *Deutsch v. Law Society of Upper Canada,* 48 Crim.Rep.3d 166, 11 Ont.App.Cas. 30 (Div.S.Ct. 1985), leave to appeal denied, 1986–1 Can.S.Ct.Rep. viii, holding that Deutsch was not entitled to counsel at public expense to appeal his convictions for tax offenses, fraud, and possessing stolen goods.

To forestall another round, we have checked with an even higher court: Deutsch has not appeared as counsel in the Supreme Court of Alaska either. Deutsch does not identify any state of whose bar he *is* a member, and he certainly is not a member of the bar of this court. So the Clerk's office will return unfiled the document Deutsch tendered, for he is not entitled to represent Bradley or anyone else.

Although Deutsch's petition describes him as a "senior partner" of "DEUTSCH,

McCORMICK, D'AMATO & ASSOCIATES, a division of DEUTSCH, McCORMICK dainty CORPORATION" with an address in Milwaukee, the cover of the petition lists an address in Ozone Park, New York. Judges of this court, along with many law firms in Chicago and Milwaukee, have received an announcement of Deutsch's new address. The letterhead reads:

## DEUTSCH, McCORMICK, D'AMATO & ASSOCIATES

### Attorneys and Counsellors at Law
### International Franchise Consultants

### DEUTSCH, McCORMICK, D'AMATO CORPORATION
#### A PROFESSIONAL CORPORATION

8200 Shore Front Parkway, Suite 6-U, Far Rockaway, New York, 11693
[718] 945-2037

---

The announcement lists four "Esquires" and one "LL.B" as members of this firm, and the left margin of the letterhead trumpets an impressive list of specialties, from "Advertising" to "Design & Equipment Consultants" to "Financing" to "Legal & Accounting" to "Management Recruitment" to "Site Evaluations" and "Tax Planning", ending with "Training Programmes".

All of this suggests that Deutsch and cohorts are going into business in a big way. P.T. Barnum would have been proud. The letterhead does not give the firm's motto (there isn't room), but it must be W.C. Fields's: "Never give a sucker an even break." New York may allow paroled felons to perform "Management Recruitment" and run "Training Programmes". It certainly does not allow charlatans to practice law. We sent copies of our earlier opinion to the United States Attorney and the Wisconsin Bar; they will receive Deutsch's latest filings, and the whole package is on its way to the officials in New York responsible for looking into the unauthorized practice of law.

Because the document tendered by Deutsch has been returned unfiled, Bradley and Mautner should recognize that the time to petition for certiorari has not been tolled and runs from January 4, 1990, the date of our decision on the merits.