**George Ted PHILLIPS, Petitioner–Appellant,**

v.

**Edward J. BRENNAN, Bureau of Prisons and United States Parole Commission, Respondents–Appellees.**

No. 89–2521.

United States Court of Appeals, Seventh Circuit.

Submitted June 28, 1990 *.

Decided Sept. 6, 1990.

---

* The appellees have elected not to file a brief in this case. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Circuit Rule 34(f). The appellant has specifically requested oral argument in his brief, and has filed an additional motion for oral argument. Upon consideration of this motion, the brief and the record, the request for oral argument is denied and the appeal is submitted on the brief and the record.

George T. Phillips, Federal Correctional Institution, Oxford, Wis., petitioner–appellant pro se.

Patrick J. Fiedler, U.S. Atty. and Cheryl B. Schacht, Asst. U.S. Atty., Office of the U.S. Atty., Madison, Wis., for respondents-appellees.

Before POSNER, MANION and KANNE, Circuit Judges.

PER CURIAM.

George Ted Phillips petitioned the district court for a writ of habeas corpus under 28 U.S.C. § 2241 after the United States Parole Commission set a parole date for him well beyond the date called for by the Commission's guidelines. Phillips charged that the Parole Commission had deprived him of liberty without providing due process of law by failing to follow established procedures in deciding his case.

Phillips was sentenced in the Eastern District of Wisconsin on January 16, 1980 to two life terms for two counts of kidnapping, five years for transporting a stolen vehicle in interstate commerce, and five years for violation of the Mann Act. All sentences were to run consecutively. We affirmed the convictions and sentences. *United States v. Phillips*, 640 F.2d 87 (7th Cir.), *cert. denied*, 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851 (1981). Phillips did not become eligible for parole until he had served ten years, because he had been sentenced to life imprisonment. 18 U.S.C. § 4205(a) (applicable to prisoners whose crimes were committed before November 1, 1987).

Phillips' initial parole hearing was held on March 2, 1989. Prior to the hearing, Phillips was informed that his offense severity category was seven and his salient factor score was four. Phillips' institutional record was good. Under Parole Commission guidelines, an inmate with these characteristics would ordinarily serve 78 to 110 months. At the time of the hearing, Phillips had already served 113 months.

The Commission denied parole and extended Phillips' release date beyond that called for by the guidelines. Reconsideration for parole was scheduled for March 2004, by which time Phillips would have served 293 months. The Commission's written decision stated in relevant part:

> After review of all relevant factors and information presented, a decision above the guidelines appears warranted because: you are a poorer risk than indicated by your salient factor score in that: You abducted two victims at gun point and both were physically threatened at gun point and both victims were physically assaulted. You were the primary perpetrator of this offense. Further, by your own admission you committed a similar abduction three days prior to this offense. You have a prior conviction for abduction and rape. This offense is further aggravated by the fact that you threatened to kill the victims and you played "human roulette" on two separate occasions with the victim police officer.

Phillips was dissatisfied with this result [1] and he filed the present petition for writ of

---

1. Phillips states that the National Appeals Board denied review of the decision, but that fact is not documented in the record.

habeas corpus. The district court denied the petition without requiring the government to respond. *See* Rules Governing § 2255 Proceedings, Rule 4. The court issued a careful and thorough opinion rejecting Phillips' many claims, and Phillips appealed to this Court.[2]

We agree with the district court that most of Phillips' claims are without merit. But one claim deserves closer attention. Phillips alleges that the Commission had not given him reasonable access to documents it intended to use against him at least thirty days prior to the hearing, as required by 18 U.S.C. § 4208(b) (applicable to prisoners whose crimes were committed before November 1, 1987).[3] He also alleges that he was told that no witnesses would testify against him when in fact there were such witnesses, thus preventing him from preparing any defense to their testimony. The documents and testimony which Phillips was prevented from rebutting provided evidence that he had committed the earlier abduction, that he had formerly been convicted of abduction and rape, and that he had played "human roulette" with one of his victims. Because this case was decided on the pleadings we must take these allegation as true for purposes of this appeal.

We have recently stated that if the Commission fails to comply with the disclosure provisions of 18 U.S.C. § 4208(b), it has violated the prisoner's due process rights. *Pulver v. Brennan*, 912 F.2d 894 (7th Cir. 1990). We said of § 4208(b), "This unambiguously worded federal statute is not a 'respectful request' or 'helpful hint.' It is a congressionally imposed bridle upon a statutorily created administrative agency."

If Phillips' allegations are true, then his right to due process was violated.

The district court held that even if the Commission was wrong to have considered the evidence not previously given to Phillips, the Commission's decision was still justified by the evidence properly before it. The court cited three cases to support this conclusion: *Solomon v. Elsea*, 676 F.2d 282 (7th Cir.1982); *Bush v. Kerr*, 554 F.Supp. 726 (W.D.Wis.1982), *aff'd without opinion*, 738 F.2d 441 (7th Cir.1984); and *Bloodgood v. Garraghty*, 783 F.2d 470 (4th Cir.1986). *Solomon* does not address the problem of improperly considered information. The Commission in that case had not specifically relied on the information in the petitioner's presentence report which the petitioner said was false. This court held that, because the Parole Commission had not considered the supposedly false information to be a significant factor in its decision, we had no authority to review its correctness. In *Bush*, the Commission had relied in part on its belief that a bystander had been killed as a result of the petitioner's crimes. The court found that it was "inconceivable that the petitioner deserves to be saddled with any responsibility for the death," 554 F.Supp. at 731, but upheld the Commission's denial of parole nonetheless. The court stated that "the decision was independently justifiable," but it cited no authority for that proposition. *Id.*

In *Bloodgood*, as in *Solomon*, the petitioner complained of false information in the record (in this case, unconstitutionally-procured prior convictions) where the Virginia parole board had not specifically relied on the contested material. Both the *Bloodgood* and *Solomon* courts held that errone-

---

**2.** Phillips' filings indicate that he was assisted in preparing this appeal by Mr. Melvin P. Deutsch. Mr. Deutsch is not an attorney. *United States v. Bradley*, 896 F.2d 284 (7th Cir.1990). After this appeal was submitted for decision, Phillips filed a motion to withdraw the brief that Deutsch prepared and substitute another. In light of our disposition, rebriefing is unnecessary and the motion is denied.

**3.** "At least thirty days prior to any parole determination proceeding, the prisoner shall be pro-

vided with (1) written notice of the time and place of the proceeding, and (2) reasonable access to a report or other document to be used by the Commission in making its determination. A prisoner may waive such notice, except that if notice is not waived the proceeding shall be held during the next regularly scheduled proceedings by the Commission at the institution in which the prisoner is confined."

The Commission's own regulations require that the prisoner be given sixty days to review documents. 28 C.F.R. § 2.55.

ous information in the record would not taint a decision explicitly based on uncontested considerations. But the *Bloodgood* court went on to state, in dictum, that "where the denial of parole or lower custody status rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right." 783 F.2d at 475, citing *Zant v. Stephens*, 462 U.S. 862, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983).

We do not agree that *Zant* supports the Fourth Circuit's dictum. *Zant* held that where a death-penalty jury found two aggravating factors justifying the death sentence and one ground was later held to be unconstitutionally vague, the partial reliance on the invalid ground did not make the death sentence improper. In *Zant* there was no incremental increase in punishment attributable to the improperly considered factor. Either factor alone in *Zant* would have justified the sentence of death. In contrast, the Parole Commission could easily have exercised its discretion differently if it had considered only the items of which Phillips had been given proper notice. We cannot tell on this record how much of the fifteen-year deferral of reconsideration for parole was attributable to the improper factors, and we are prohibited from exercising the Parole Commission's discretion for it. *Solomon v. Elsea*, 676 F.2d at 290 (Parole Commission has sole power to grant or deny parole in its discretion). *See also Schiselman v. U.S. Parole Commission*, 858 F.2d 1232 (7th Cir.1988) (case remanded to Commission where Commission had improperly relied on a fact, even though other factors would have justified the Commission's action).

We wish to avoid any implication that today's holding conflicts with our earlier decision in *Solomon v. Elsea, supra.* In *Solomon,* the contested information was in the record before the Commission, but the Commission did not specifically rely on it in reaching its conclusion. In Phillips' case, the Commission specifically mentioned the contested items as reasons justifying its conclusion. Unless the Commission explicitly relies upon a particular item of information, we will not presume that any sig-

nificance was attached to it. *Solomon,* 676 F.2d at 289. While the Commission has wide discretion in making its determinations, and may consider an extremely broad range of information, its determinations must be made with the procedural safeguards called for by 18 U.S.C. §§ 4207 and 4208. *Pulver, supra.*

We remand this case to the district court so that the government may be given an opportunity to raise any defenses it has. The court should determine whether Phillips was in fact denied sufficient notice of the evidence to be used against him. If so, the case should be remanded to the Parole Commission for rehearing with adequate notice to Phillips of all materials to be considered.

REVERSED AND REMANDED.