**George T. PHILLIPS, Petitioner–Appellant,**

**v.**

**Edward J. BRENNAN, Bureau of Prisons and United States Parole Commission, Respondents–Appellees.**

**No. 91–1980.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 21, 1992.

Decided July 22, 1992.

Linda M. Zech (argued), Dewitt, Porter, Huggett, Schumacher & Morgan, Madison, Wis., for petitioner-appellant.

Christa A. Reisterer, Asst. U.S. Atty. (argued), Office of U.S. Atty., Madison, Wis., for respondents-appellees Edward J. Brennan, Bureau of Prisons and U.S. Parole Com'n.

Before BAUER, Chief Judge, CUDAHY, Circuit Judge, and WOOD, Jr., Senior Circuit Judge.

BAUER, Chief Judge.

On January 16, 1980, the district court sentenced petitioner-appellant George T. Phillips to two consecutive life terms of imprisonment for two counts of kidnapping, a consecutive five-year term of imprisonment for interstate transportation of a stolen motor vehicle, and a consecutive five-year term of imprisonment for interstate transportation of a woman for immoral purposes (i.e. violation of the Mann Act). We affirmed Phillips' convictions and sentences. *See United States v. Phillips*, 640 F.2d 87 (7th Cir.), *cert. denied*, 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851 (1981).

For prisoners sentenced prior to November 1, 1987, the effective date of the Sentencing Reform Act of 1984, the sentencing court determines the maximum term of incarceration, and the United States Parole Commission (the "Commission") sets the prisoner's parole date. *See Pulver v. Brennan*, 912 F.2d 894, 895 n. 1 (7th Cir. 1990). The Commission determines the ac-

tual parole date by applying guidelines based on the severity of the offense and characteristics of the offender. Offenses receive a "severity rating" which is based not merely on the crime for which the prisoner was convicted, but also on the Commission's assessment of the prisoner's total offense behavior and history. *Id.* The offender's parole prognosis is rated by his "salient factor score," which includes such factors as age at commencement of offense, history of drug dependency, and prior convictions. *Id. See also* 28 C.F.R. § 2.20 (1988).

On October 16, 1988, Phillips applied for parole and requested on his application that the Commission disclose his institutional file in preparation for his initial parole hearing. His request was granted and his file was given to him on December 28, 1988. The Commission reviewed his case on the record and prepared a prehearing assessment on February 3, 1989. In the assessment, the Commission determined that Phillips' offense severity category was seven (eight being the highest) and his salient factor score was four. Phillips' institutional record was good. Under the Commission's guidelines, an inmate with these ratings and characteristics ordinarily would serve 78 to 110 months. Phillips had served 113 months at the time of his hearing on March 2, 1989.

By letter dated February 15, 1989, one of the victims of Phillips' crimes requested permission to attend the parole hearing. The victim, Gary W. Smith, is a police sergeant with the City of Green Bay, Wisconsin. The Commission notified Smith that he could attend. Phillips was not notified that Smith would testify at the hearing. Instead, he was told that no adverse witnesses would testify.

At the hearing, the examining panel found that there was good cause to excuse Smith from making his oral statement in Phillips' presence because of the violent nature of the offense and the potential emotional trauma to Smith that might result from further confrontation with Phillips. After concluding the interview with Smith outside Phillips' presence, the examiners conducted the hearing with Phillips and his representative.

Smith's testimony largely duplicated the Commission's description of Phillips' crimes in its prehearing assessment. Phillips and three others kidnapped a woman and Smith outside a Green Bay tavern. As they drove from Green Bay into Illinois, the four assailants repeatedly sexually assaulted the woman and threatened to assault Officer Smith. The new information that Smith provided was that Phillips was the primary offender of the crime, that he had committed a similar abduction several days prior to the federal offense, and that he had forced Smith to play "Russian Roulette" during the course of the abduction.

At the beginning of the hearing, the Commission's examiners summarized these statements for Phillips, who responded that he was not the primary perpetrator, that he did not remember playing "roulette" with Smith, but that he must have done it if Smith said that he did. Phillips also admitted to the examiners that three days prior to the offense, he and his two co-defendants robbed and abducted a different victim.

On March 21, 1989, the Commission denied parole and continued reconsideration for fifteen years, until March 2004. The Commission stated:

> After review of all relevant factors and information presented, a decision above the guidelines appears warranted because: you [i.e. Phillips] are a poorer risk than indicated by your salient factor score in that: you abducted two victims at gun point and both were physically assaulted. You were the primary perpetrator of this offense. Further, by your own admission you committed a similar abduction three days prior to this offense. You have a prior conviction for abduction and rape. This offense is further aggravated by the fact that you threatened to kill the victims and you played "human roulette" on two separate occasions with the victim police officer.

*See* District Court Opinion and Order, Appellant's Appendix ("District Court Opinion") at 178 (quoting the Commission).

On April 6, 1989, Phillips appealed the Commission's decision to the National Appeals Board. In the appeal, Phillips claimed that he did not commit a similar abduction three days prior to the federal offenses, that he was denied notice that the Commission would consider such a charge at his parole hearing, that he was denied the opportunity to defend against this charge, and that the Commission misinterpreted his response to the allegation as an admission that he committed the abduction. The National Appeals Board affirmed the Commission's decision on May 17, 1989.

Phillips petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. On July 3, 1989, the district court dismissed the petition. On appeal, we reversed the order of dismissal and remanded the case to the district court to determine whether the Parole Commission failed to comply with the disclosure provisions set out in 18 U.S.C. § 4208(b), thereby violating the petitioner's right to due process. *See Phillips v. Brennan*, 912 F.2d 189, 192 (7th Cir.1990).

On April 11, 1991, the district court denied on remand Phillips' habeas petition. The court reasoned that neither the Constitution nor the relevant federal statutes obligated the Commission to provide notice and disclosure of a victim's oral statement prior to a parole determination hearing. The court stated:

> By giving [Phillips] access to his files more than sixty days prior to his hearing, the [C]ommission complied with the disclosure requirements contained in 18 U.S.C. § 4208(b) and (c) and in 28 C.F.R. § 2.55(a).... Nothing in the statutes or regulations indicates that petitioner's due process rights should be expanded beyond these standards to include prehearing notification and disclosure of a victim's oral testimony.

District Court Opinion at 183–84. The court suggested that requiring victims to give advance statements on the content of their oral testimony might be enough to discourage such testimony at the parole hearing. *Id.*

■ At the outset, we note that there is no dispute that Phillips had access to his institutional file and documentary evidence prior to the hearing pursuant to 18 U.S.C. § 4208(b) and 28 C.F.R. § 2.55(a). Section 4208 requires the Commission to provide the prisoner "reasonable access to a report or other document to be used by the Commission in making its determination" at least thirty days prior to any hearing. The regulations governing parole determinations include similar language, but require disclosure of reports and other documents sixty days prior to the hearing. *See* 28 C.F.R. § 2.55(a). Both the statute and the regulations are silent with respect to prehearing disclosure of the oral statements to be made at the parole hearing. Moreover, according to 28 C.F.R. § 2.55(b), the scope of disclosure explicitly "is limited to reports and other documents to be used by the Commission in making its determination." Thus, by giving Phillips access to his files more than sixty days before his hearing, the Commission fully complied with the disclosure requirements of § 4208 and § 2.55.

As the district court appropriately observed, then, the critical issue in this case is whether due process requires that the Commission give a prisoner prehearing notice and disclosure of any oral statement that it considers. In addition to arguing that due process includes such requirements, Phillips also contends that the Commission further violated due process guarantees when it considered Smith's statements regarding the abduction that allegedly occurred a few days prior to the offense for which Phillips was convicted. He also maintains that the Commission violated the constitution a third time when it considered his responses to Smith's allegations.

■ We are not persuaded by Phillips' arguments. Due process does not require that additional procedural protections be afforded a prisoner when a victim seeks to make an oral statement at a parole determination hearing. In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979), the Supreme Court held that there is no inherent, constitution-

al right of parole. *Id.* at 7, 99 S.Ct. at 2104. Nevertheless, whether a statutory parole scheme provides an "expectancy of release," a prisoner is entitled to some level of due process protection. *Id.* at 12, 99 S.Ct. at 2106. The court found that the challenged procedure "affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole; this affords the process that is due under these circumstances. The Constitution does not require more." *Id.* at 16, 99 S.Ct. at 2108.

■ Nevertheless, Phillips maintains that due process should be expanded beyond current standards to include prehearing notification and disclosure of a victim's oral testimony. We do not believe such an expansion is warranted. As the district court noted, good policy reasons exist for permitting victims to give oral statements to the Commission without advance disclosure to the prisoner.[1] A parole hearing is not a trial of fact before which the government must produce a witness list in advance of the hearing. As the Supreme Court observed in *Greenholtz*, "[t]he parole determination, like a prisoner-transfer decision, may be made for a variety of reasons and often involves no more than informed predictions as to what would best serve correctional purposes or the safety and welfare of the inmate." *Greenholtz*, 442 U.S. at 10, 99 S.Ct. at 2105 (quoting *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976)).

If more stringent procedures were mandated, some witnesses may be deterred from coming forward to offer their views as to why a certain prisoner should not be released. We should remember that Commission witnesses often are, as in the instant case, the victims of the prisoner's crimes. We understand the chilling effect prehearing notice and disclosure could have on the willingness of such witnesses to come forward. As the district court properly concluded, requiring victims to give advance statements on the content of their oral testimony might be enough to discourage such testimony at the parole hearing. Because neither the relevant federal statutes nor the case law obligate the Commission to provide prehearing notice and disclosure of a victim's oral statement, we find that the Commission treated Phillips fairly. *Cf. Wolff v. McDonnell*, 418 U.S. 539, 567–69, 94 S.Ct. 2963, 2980–81, 41 L.Ed.2d 935 (1974) (because of high risk of inmate reprisal or a witness's reluctance to testify, confrontation and cross-examination of adverse witnesses not required at inmate's disciplinary hearing); *Faheem-el v. Klincar*, 841 F.2d 712, 724 (7th Cir.1988) (holding that due process does not require that parolees receive a bail hearing conducted by a judicial officer prior to the conclusion of the revocation proceedings).

Phillips responds that such policy considerations involve questions of confidentiality, not disclosure. Because the Commission identified Smith and gave Phillips a summary of Smith's statement at the beginning of the parole hearing, he argues that the victim's confidentiality was irrelevant. "The issue here," Phillips states, "is not confidentiality, but *timely* and *reasonable* disclosure sufficient to permit rebuttal of inaccurate information." Phillips' Reply Brief at 4 (emphasis in original).

With these arguments, Phillips attempts to transform a necessarily flexible parole hearing into a more formal, adversarial proceeding. As the Supreme Court clearly stated in *Greenholtz*,

decisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decisionmaking must comply with standards that assure error-free determinations. This is espe-

---

1. We note that, in the instant case, prehearing disclosure of Smith's testimony was impossible. In his letter dated February 15, 1989, Smith only sought permission to "be present" at Phillips' parole determination hearing. *See* Rec. Doc. 9, Government's Response to Phillips' Petition for Writ of Habeas Corpus, Exhibit 3.

Smith stated that he wished to be present "because [he] was the victim of the crimes Mr. Phillips committed." *Id.* With this limited information, the Commission had nothing, save Smith's intention to be present at the hearing, to disclose to Phillips.

cially true with respect to the sensitive choices presented by the administrative parole release.

*Greenholtz*, 442 U.S. at 7, 99 S.Ct. at 2104. The Commission has satisfied fully its procedural obligations to Phillips by providing notice of the hearing, disclosure of his file, and an opportunity to respond to the evidence. As *Greenholtz* suggested, the Constitution requires no more. *Id.* at 16, 99 S.Ct. at 2108.

Nevertheless, we offer an additional comment on the fact that the Commission informed Phillips sometime prior to his hearing that no adverse witnesses would testify. Although Phillips mentioned that the Commission gave him this incorrect information, he does not elaborate. Nothing in the record tells us when Phillips received this misinformation. Perhaps the timing of Smith's letter suggests an answer: Phillips received his file from the Commission on December 28, 1988; the Commission received Smith's letter asking to attend the hearing on February 17, 1989, only two weeks before the hearing took place. At the time it disclosed the file, the Commission had no way of knowing that Smith would attend the hearing.

■ Regardless of the timing, informing Phillips that no adverse witness would testify does not amount to reversible error. As we already have mentioned, prior to the hearing the Commission did not know the substance of Smith's testimony or even if Smith would testify. Smith's letter merely sought permission to attend. The Commission's response granted that request. Thus, before the hearing, there was neither adverse witnesses nor adverse testimony to disclose.

Even if we eliminate the new information gleaned from Smith's testimony, we cannot say that Phillips is entitled to habeas relief. The Commission decided to deny parole on nine bases: that the victims were abducted at gunpoint, that they were threatened at gunpoint, that they were physically assaulted, that Phillips threatened to kill the victims, that he played "Russian Roulette" with the victims, that he was the primary perpetrator of the offense, that he admit-

ted to a prior similar crime, that he has a prior conviction for rape, and that he has a prior conviction for abduction. *See* Initial Hearing Summary in District Court Opinion at 178. If we disregard the three bases for which Phillips allegedly received no notice or which were grounded in false information (i.e. those bases that were obtained solely from Smith's testimony—that Phillips forced the victims to play "Russian Roulette," that he was the primary offender, and that he committed a prior similar crime), there still is ample justification to deny parole.

■ It is useful to point out that, in its prehearing assessment (which was completed even before Smith asked to attend the hearing), the Commission refused to recommend parole for Phillips. *See* R.Doc. 9, Government's Response, Exhibit 3 at 3. In that document, the Commission noted:

> [P]arole on the record is not recommended. Kidnaping would result in guidelines of 78–110 months. It is noted that this in aggravated [sic] in that it includes not only kidnaping and threats to murder the victims but also sexual assault on numerous occasions on the victim by at least 3 of the persons involved in this kidnaping. There is also the aggravating factor of the prior record in which there was an abduction and rape by subject.... It is noted that he has had significant progress in the institution, however, the offense itself, as well as his prior record, is of concern in relation to whether or not he would be a risk to the community.

*Id.* Thus, we hold that where the Commission's decision is justifiable based on independent factors, its partial reliance on information for which the prisoner received no notice does not mandate habeas relief. *Cf. Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir.1986) (where denial of parole is based on one constitutionally valid ground, consideration of allegedly invalid grounds is not a constitutional violation and does not justify habeas relief); *Solomon v. Elsea*, 676 F.2d 282, 290–91 (7th Cir.1982) (so long as there is sufficient evidence before the Commission to support its decision,

Commission's actions are not arbitrary or capricious).

█ We similarly reject Phillips' remaining claims. The Commission properly considered both Smith's statements and Phillips' responses. Federal regulations permit the Commission when making a parole determination to consider, among other things, "[a] statement, which may be presented orally· or otherwise, by any victim of the offense for which the prisoner is imprisoned about the financial, social, psychological, and emotional harm done to, or loss suffered by such victim." *See* 28 C.F.R. § 2.19(a).

█ Moreover; 28 C.F.R. § 2.19(b)(1) states:

There shall also be taken into consideration such additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonable available.... The Commission encourages the submission of relevant information concerning an eligible prisoner by interested persons.

*See* 28 C.F.R. § 2.19(b)(1). These regulations explicitly instruct the Commission to consider all relevant information. Our authority to review the Commission's decision is limited. We need only determine whether the information relied on by the Commission is sufficient to provide a factual basis for its reasons. *Solomon*, 676 F.2d at 290. The statements offered by Smith, as a victim of Phillips' crimes, surely can be regarded as relevant and provide the necessary factual basis for its determination. *See Pulver*, 912 F.2d at 896. We therefore reject Phillips' claim that the Commission considered improper information.

For the foregoing reasons, we AFFIRM the district court's denial of Phillips' petition for writ of habeas corpus.

CUDAHY, Circuit Judge, concurring in part and dissenting in part.

I concur in the rejection of Phillips' claims other than the failure to give him notice of the adverse testimony of Gary Smith. On this point, however, I think the present result contradicts the holding of the panel that heard the first appeal in this case. In *Phillips v. Brennan*, 912 F.2d 189 (7th Cir.1990), the panel said:

We remand this case to the district court so that the government may be given an opportunity to raise any defenses it has. The court should determine whether Phillips was in fact denied sufficient notice of the evidence to be used against him. If so, the case should be remanded to the Parole Commission for rehearing with adequate notice to Phillips of *all materials to be considered.*

*Id.* at 192 (emphasis added). This holding applied specifically to Smith's testimony. *Id.* at 191. Since the District Court found that there was no notice, that should end the matter.

On the merits, the majority claims that *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979) holds that prehearing notice of adverse information is not required by Due Process. This is incorrect. In fact, the *Greenholtz* Court expressly notes that the issue of notice was not before it: "The only other possible risk of error is that relevant adverse information in the inmate's file is wholly inaccurate.... [T]here is no issue before us regarding access to [the inmates'] files." *Id.* at 15 n. 7, 99 S.Ct. at 2108 n. 7.

In *Pulver v. Brennan*, 912 F.2d 894, 896–97 (7th Cir.1990), however, we appear to have held (although there are slight ambiguities) that Due Process requires advance disclosure of "materials the Commission will use in making their determination":

Precisely because Congress authorized the Parole Commission to base their parole determinations on information which has not been proven in an adversarial setting, it codified prisoner due process rights designed to eliminate factual inaccuracies in Parole Commission materials.

*Id.*

In *Pulver*, the Commission considered written statements that Pulver, like Phillips, had committed another crime. Why should it make any difference whether such accusations are written or oral? The

prisoner should still have advance notice so he can prepare to challenge the facts. Further, the Parole Commission should not be able to avoid the import of *Pulver* by the simple expedient of receiving oral testimony instead of written statements.

Confrontation between the inmate and the witness is not required. The Board can simply ask the witness to come in before the hearing in the inmate's case, and the inmate can get a summary of the witness' testimony well enough in advance to give it consideration. If necessary, the Parole Board can hold a new hearing. 28 C.F.R. § 2.28(f) (1991).

Nor need witness testimony be deterred. There are procedures to conceal the identity of the witness, *see* 18 U.S.C. § 4208(c)—procedures, by the way, that the Board did not think necessary in this case. And it should make no difference to the witness *when* the inmate learns of the testimony.

Nor is this harmless error. The first panel considered the question of harmlessness in depth and in detail, and held that the Board's consideration of Smith's testimony could not be considered harmless. *Phillips*, 912 F.2d at 191–92. We cannot say that the decision of the Board would have been the same without this testimony.

Fairness requires that oral testimony be treated in the same way as written information. I therefore respectfully dissent.