NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 22, 2013[*]
Decided March 26, 2013

**Before**

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2436

| | |
|---|---|
| JAY F. VERMILLION, *Petitioner-Appellant,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:12-CV-150-PPS |
| MARK E. LEVENHAGEN, *Respondent-Appellee.* | Philip P. Simon, *Chief Judge*. |

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

# O R D E R

Jay Vermillion, an Indiana inmate, challenges the denial of earned-credit time and demotion in his credit-earning class following a conduct report for trafficking contraband with a prison counselor. He asserts that he did not receive adequate notice of the dates of his alleged trafficking. The conduct report lists, for the date of offense, the date when the prison counselor confessed that he and Vermillion trafficked. After exhausting his administrative remedies, Vermillion petitioned for a writ of habeas corpus, 28 U.S.C. § 2254, which the district court summarily dismissed, explaining that Vermillion had received adequate notice of the charge. Because we do not think the issue warrants summary dismissal, we remand for further proceedings.

This is Vermillion's third federal petition challenging his punishment for this single charge of trafficking. The state prison's final review authority twice ordered his case to be remanded for a rehearing, for reasons that remain unclear on this record. Vermillion petitioned for a writ of habeas corpus after each guilty finding, but both previous petitions were dismissed as moot in light of the prison-ordered rehearings. See *Vermillion v. Superintendent*, No. 3:11-CV-123-TLS (N.D. Ind. Oct. 24, 2011); *Vermillion v. Superintendent*, No. 3:10 CV 0119 PS (N.D. Ind. Mar. 16, 2011).

According to Vermillion's pleadings, which we accept as true at this stage of the proceeding, *Phillips v. Brennan*, 912 F.2d 189, 191 (7th Cir. 1990), before his third hearing Vermillion received a screening report and a conduct report—his notice of an impending disciplinary proceeding. The reports charged him with trafficking with a prison counselor. The "incident date" listed is July 29, 2009, at 9:30 a.m. In describing the incident, the body of the conduct report states that July 29 at 9:30 is when the counselor confessed:

> On 07/29/09 at 9:30 am during an interview with Counselor Donald Bates: Mr. Bates did admit to trafficking with Offender Vermillion # 973683. Mr. Bates stated that he trafficked in tobacco and a cell phone to Vermillion. Offender Vermillion was questioned on this and declined to make a statement.

In various other documents related to Vermillion's three hearings, the prison also listed July 29, 2009 as the incident date.

Based on the incident date listed in the report, Vermillion believed that he was being charged with a trafficking offense that occurred on July 29, 2009 at 9:30 a.m. Before his third hearing, he even asked the screening officer to confirm that the charged offense occurred on July 29, and the officer allegedly confirmed this. Vermillion then asserted—as he had, apparently, at the previous two hearings—that he could not have committed the offense at

that date and time because he was being interviewed by other prison guards about an unrelated incident. He requested statements from five prison guards to corroborate his story, but the tribunal denied his requests, explaining that the guards were all unavailable. After the third hearing, the tribunal found him guilty, revoked 60 days' earned-credit time, and demoted him to a lower credit-earning class. This time the prison authorities denied his appeal, and he filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254, which was assigned to the same district judge who rejected his first petition.

In his petition, Vermillion raises six issues: (1) he received inadequate notice of the charge against him; (2) he was denied the opportunity to call witnesses and present evidence; (3) the prison tribunal failed to consider exculpatory evidence; (4) the tribunal relied on confidential sources without verifying their credibility; (5) the tribunal's findings lacked sufficient evidence; and (6) the sanctions imposed against him violated double jeopardy because the sanctions from the previous two hearings have not been vacated. The district court summarily dismissed Vermillion's petition without ordering a response. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Focusing on the notice, the court observed that the incident date in the conduct report was an "error," but concluded that the mistake did not violate the relaxed standard of due process for prison discipline. The court explained that the conduct report "makes clear that what happened on July 29, 2009, was that counselor Bates confessed to trafficking with Vermillion."

On appeal Vermillion reasserts the six issues raised in his petition; although the prison did not respond in the district court, it has submitted a brief on appeal. The principal contention between the parties is whether the district court erred in concluding that the conduct report provided constitutionally adequate notice of the trafficking charge.

In the context of a prison disciplinary hearing, due process requires that inmates receive advance written notice that is sufficient to "give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff v. McDonnell*, 418 U.S. 539, 563–64 (1974); see also *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). The district court's dismissal suggests that where the conduct report describes the *nature* of the offense, it need not specify the *date* on which the offense is believed to have occurred. We do not agree in this case. When known, and absent security or confidentiality needs, due process requires that prison officials notify the prisoner of the "date, place, and nature of the alleged misconduct." *Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007). A notice that lists a date on which the offense is known *not* to have occurred, as apparently happened here, can violate due process because the error, even if inadvertent, may prejudice the inmate's ability to prepare his defense. See *Sira v. Morton*, 380 F.3d 57, 70–72 (2d Cir. 2004) (reversing grant of summary judgment to prison and ruling that prisoner was

denied due process when conduct report mistakenly stated, as date of offense, the date on which prison filed the report). See also *McCollum v. Miller*, 695 F.2d 1044, 1048–49 (7th Cir. 1982) (recognizing that notice lacking date of alleged offense and other, confidential details precluded preparation of effective defense and requiring "additional safeguards" at new hearing to justify the omission); *Jackson v. Carlson*, 707 F.2d 943, 948 (7th Cir. 1983) (holding that where notice included date and place of alleged offense, notice requirement was satisfied despite omission of informants' identities).

Prison officials compounded the error of listing the wrong incident date by repeating it throughout these proceedings. All documents related to Vermillion's three hearings state that the offense occurred on July 29. Additionally, according to the petition, a prison officer informed Vermillion before the third hearing, and after the date error had already surfaced during his first habeas petition, that the date of the offense was July 29, 2009. Relying on this information, Vermillion seems to have staked his entire defense (in all three hearings) on the existence of an alibi during the date and time identified in the reports. The erroneous date, repeated throughout the proceedings, is enough to call into question the adequacy of the notice he received.

The prison responds by arguing on appeal that Vermillion received adequate notice because this notice was the third iteration of the same charge and therefore, after two prior hearings, he could not reasonably believe that July 29, 2009 was the date of the offense. But on this record we do not know if the prison ever notified Vermillion, at any stage of the earlier proceedings, of the date on which he allegedly trafficked. The only incident date appearing in this record is July 29, and the prison does not contend that it ever believed that this date was correct. Without a factual response to the petition, we cannot on the current record infer that the prison's decision to omit the actual date of commission, and instead list only a date it may not have believed to be correct, is justified by correctional needs. See *Dible*, 506 F.3d at 1110 (explaining that a "district court must be given reasons to justify the absence of specific facts from a disciplinary notice"); *McCollum*, 695 F.2d at 1048. We therefore believe that the case should be remanded to give the prison an opportunity to respond and expand the record in its defense.

Vermillion's remaining claims all relate to the same disciplinary hearing. Because the district court has not yet addressed these claims in light of this order, we leave their resolution to the district court on remand.

We **REVERSE** the summary dismissal and **REMAND** the case to the district court so that the respondent may answer and the court may conduct further proceedings.