**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3577
_____

ARMAND ANDREOZZI,
                                        Appellant

v.

WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-15-cv-00011)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2020
Before:  JORDAN, BIBAS, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 17, 2020)
_____

OPINION[*]
_____

PER CURIAM

        Armand Andreozzi appeals from the orders of the District Court denying his

habeas petition under 28 U.S.C. § 2241 and his motion under Fed. R. Civ. P. 59(e) to

alter or amend that judgment.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

I.

Andreozzi is a former member of the United States military who was convicted by general court martial of two sets of crimes in 1998—the rape of his former wife and related crimes, for which he was sentenced to 27 years in prison, and escape from prison and related crimes, for which he was sentenced to a consecutive term of 15 years in prison. This case concerns a decision of the United States Parole Commission to deny Andreozzi parole on June 25, 2013. That decision followed a hearing at which the Commission considered, inter alia: (1) the testimony of Matthew Mann, an officer whom Andreozzi assaulted during his escape; (2) Andreozzi's unsuccessful discharge from sex offender treatment; and (3) Andreozzi's 2012 disciplinary charge for fighting.

Andreozzi, after exhausting his administrative remedies, filed through counsel the § 2241 petition at issue here challenging the Commission's June 25 decision. He claimed that the Commission violated his rights at his hearing in two ways. First, he claimed that the Commission failed to inform him, pursuant to 28 C.F.R. § 2.55(a), that he could request disclosure of the materials that the Commission would consider at his hearing. Second, he claimed that the Commission inappropriately considered Mann's testimony because (according to him) he was currently serving his sentence for his rape-related convictions and Mann was not a "victim" of those crimes under 28 C.F.R. § 2.19(a)(6).

After the Government answered Andreozzi's petition, then-Magistrate Judge Susan Paradise Baxter recommended that the District Court deny it on the merits. In response, Andreozzi filed two counseled documents (neither of which mentioned the

constitute binding precedent.

2

other)—a motion to voluntarily dismiss his petition without prejudice (ECF No. 21), and a set of objections to the Magistrate Judge's recommendation on the merits (ECF No. 22). The District Court did not expressly rule on Andreozzi's motion to voluntarily dismiss his petition. Instead, District Judge Barbara Rothstein adopted the Magistrate Judge's recommendation and denied Andreozzi's petition on the merits.

Andreozzi then filed pro se: (1) a motion for leave to proceed pro se; (2) a motion for a ruling on his motion to voluntarily dismiss his petition; and (3) a Rule 59(e) motion seeking relief from the denial of his petition on the merits. (We construe the second and third of these documents as a single Rule 59(e) motion and will so refer to them hereafter.) After Andreozzi filed those documents, former Magistrate Judge Baxter's appointment as a District Judge was confirmed and the matter was reassigned to District Judge Baxter. Judge Baxter then granted Andreozzi's motion for leave to proceed pro se but later denied his Rule 59(e) motion. Andreozzi appeals and challenges the District Court's denial of both his habeas petition and his Rule 59(e) motion.[1]

II.

---

[1] The Government initially filed a motion to dismiss this appeal as untimely, but it has withdrawn that motion. We independently conclude that this appeal is timely as to both of the District Court's rulings. Andreozzi also does not require a certificate of appealability in order to appeal the denial of his § 2241 habeas petition. See Reese v. Warden Phila. FDC, 904 F.3d 244, 246 (3d Cir. 2018). Thus, we have jurisdiction under 28 U.S.C. § 1291. Our review of the denial of Andreozzi's habeas petition is plenary. See Reese, 904 F.3d at 246. We review for abuse of discretion the denial of a motion for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2), see Estate of Ware v. Hosp. of the Univ. of Pa., 871 F.3d 273, 278 (3d Cir. 2017), and for relief under Rule 59(e), except as to legal issues over which our review is plenary, see Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

We will affirm the District Court's denial of Andreozzi's habeas petition on the merits substantially for the reasons the District Court explained.[2] Andreozzi's most substantial argument on appeal is that the District Court should not have reached the merits at all and should instead have granted his motion to voluntarily dismiss his petition without prejudice. As the District Court explained in denying Andreozzi's Rule 59(e) motion, Andreozzi required court approval to voluntarily dismiss his petition without prejudice because the Government already had answered it and the Government did not stipulate to dismissal. See Fed. R. Civ. P. 41(a)(2); Estate of Ware, 871 F.3d at 285. The District Court also construed its order denying Andreozzi's habeas petition as having denied his motion to voluntarily dismiss it sub silentio.

---

[2] In brief, Andreozzi's primary complaint is that the Parole Commission failed to provide him advance notice that it would consider Mann's testimony, as purportedly required by 28 C.F.R. § 2.55(a). That regulation requires the Commission to give prisoners at least 60 days before a hearing to "request disclosure of the reports and other documents to be used by the Commission in making its determination." 28 C.F.R. § 2.55(a) (emphasis added). That regulation by its terms does not require an opportunity to request the advanced disclosure of oral testimony. See Phillips v. Brennan, 969 F.2d 384, 387 (7th Cir. 1992). Even if it did, and leaving aside the fact that Andreozzi had received at least four previous § 2.55(a) notifications in connection with previous hearings, Andreozzi has not argued that he was prejudiced by the denial of an opportunity to request advanced disclosure. Cf. United States ex rel. Schiano v. Luther, 954 F.2d 910, 914-16 (3d Cir. 1992) (remanding for new parole hearing following a § 2.55(a) violation where the prisoner had no opportunity to contest undisclosed material even at his hearing and where the prisoner explained how he would have rebutted that material). Andreozzi also has not meaningfully argued that a § 2.55(a) violation is prejudicial per se and we have located no authority suggesting that it is. Cf. Leslie v. Att'y Gen., 611 F.3d 171, 178-80 (3d Cir. 2010). In light of these issues, we need not address the District Court's conclusion that Andreozzi waived his rights under § 2.55(a) by electing to proceed with his hearing. As for Andreozzi's claim that Mann was not a "victim" of his allegedly operative convictions for purposes of 28 C.F.R. § 2.19(a)(6), the District Court properly concluded that the Commission could consider Mann's testimony under 28 C.F.R. § 2.19(b)(1) instead. Andreozzi has not meaningfully challenged that conclusion.

The District Court, however, never explained why it denied Andreozzi leave to dismiss his petition without prejudice. Ordinarily, a motion for voluntary dismissal without prejudice under Rule 41(a)(2) should be granted in the absence of prejudice to the opposing party. See Estate of Ware, 871 F.3d at 285. And ordinarily, a District Court's failure to address a motion for voluntary dismissal would require us to remand for the District Court to exercise its discretion as to that motion in the first instance. See Sinclair v. Soniform, Inc., 935 F.2d 599, 603-04 (3d Cir. 1991).

In this case, however, Andreozzi's motion for voluntary dismissal failed even to invoke the District Court's discretion. Instead, Andreozzi's counseled motion consisted solely of a bare request for dismissal that did not cite any authority and that did not otherwise explain the factual or legal basis for that request. And Andreozzi, instead of explaining the basis for that request, went on to file objections to the Magistrate Judge's recommendation on the merits. Andreozzi's objections did not mention his previous request for voluntary dismissal, and his filing of those objections was inconsistent with seeking a voluntary dismissal.

Under these circumstances, we cannot say that the District Court abused its discretion in failing to expressly rule on Andreozzi's motion for voluntary dismissal without prejudice before denying his petition on the merits. Cf. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 951 (8th Cir. 1999) (affirming denial of Rule 41(a)(2) motion for voluntary dismissal without prejudice filed along with objections after a Magistrate Judge recommended dismissal on the merits where plaintiffs "provided no legitimate justification for their request," where plaintiffs apparently sought merely to

"avoid an adverse decision" on the merits, and where "voluntary dismissal would waste the substantial efforts expended by the magistrate judge"); Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199 (5th Cir. 1991) (affirming denial of Rule 41(a)(2) motion for voluntary dismissal without prejudice where plaintiffs sought dismissal only "after the magistrate had considered the case and issued a comprehensive recommendation that was adverse to their position").

We also cannot say that the District Court abused its discretion in declining to permit a post-judgment voluntary dismissal on the basis of Andreozzi's Rule 59(e) motion. In that motion, Andreozzi argued for the first time that he requested dismissal without prejudice because he had discovered new evidence in support of new claims and wanted to withdraw his petition so that he could file another one with all of his claims and thereby avoid the dismissal of his new claims under the abuse-of-the-writ doctrine. Whatever the merits of that argument,[3] it did not provide a basis for Rule 59(e) relief because Andreozzi could have raised it in his motion for a voluntary dismissal before the District Court denied his habeas petition on the merits. See Banister v. Davis, 140 S. Ct.

---

[3] Andreozzi has not provided any information about his alleged new evidence or new claims. If Andreozzi's only basis for seeking to dismiss his petition without prejudice was to assert those new claims, however, then he could instead have sought to amend his petition with those new claims before or even after the District Court denied the petition. See Jang v. Boston Sci. Scimed, Inc., 729 F.3d 357, 367-68 (3d Cir. 2013). And if there were some legitimate reason why Andreozzi could not yet assert his new claims in this action, then those claims might not be subject to dismissal under the abuse-of-the-writ doctrine in a second action. See McClesky v. Zant, 499 U.S. 467, 488, 494 (1991); Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam). In light of our disposition, however, we express no opinion on that issue.

1698, 1703 (2020) (noting that Rule 59(e) is not a mechanism to raise "new arguments or evidence that the moving party could have raised before the decision issued").

Andreozzi raises two other argument regarding his Rule 59(e) motion, but they lack merit as well. First, Andreozzi argues that reassignment of this case to Judge Baxter for Rule 59(e) purposes was improper because Judge Baxter made a recommendation in this case in her former capacity as a Magistrate Judge. Andreozzi has not cited, and we have not located, anything suggesting that a District Judge cannot preside over a case merely because the judge was previously involved with the case as a Magistrate Judge. Cf. Bell v. Eastman Kodak Co., 214 F.3d 798, 802 (7th Cir. 2000) (noting that "no statute, or principle of federal common law, forbids a district judge to reconsider an order that she issued when she was a magistrate judge of the same court"). Judge Baxter's previous recommendation on the merits also did not give rise to a disqualifying appearance of partiality because her view of the merits did not derive from any extra-judicial source and did not "display a deep-seated favoritism or antagonism that would make fair judgment impossible" in ruling on Andreozzi's Rule 59(e) motion. Liteky v. United States, 510 U.S. 540, 555 (1994).

Second, Andreozzi argued in his Rule 59(e) motion that the District Court's denial of his habeas petition was the product of his counsel's allegedly ineffective assistance. The District Court did not address his allegations in that regard, but they did not state a basis for Rule 59(e) relief. Ineffective assistance of counsel generally is not grounds for relief from a civil judgment on the merits. See Nelson v. Boeing Co., 446 F.3d 1118, 1119, 1121 (10th Cir. 2006); Bell, 214 F.3d at 802; Kushner v. Winterthur Swiss Ins. Co.,

8

620 F.2d 404, 408 (3d Cir. 1980).  Even if it were, Andreozzi has not shown that his counsel's performance was deficient or that anything he claims his counsel should have done might have made a difference.

III.

For these reasons, we will affirm the judgment of the District Court.  Appellee's motion for leave to file a supplemental appendix is granted.  To the extent that the motion can also be construed as a motion to expand the record, it is denied as unnecessary.