United States Court of Appeals,

Fifth Circuit

No. 96-50615.

Joe Calderon CAMPOS, Petitioner-Appellant,

v.

UNITED STATES PAROLE COMMISSION, Respondent-Appellee.

Aug. 25, 1997.

Appeal from the United States District Court for the Western District of Texas.

Before REYNALDO G. GARZA, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:

Joe Calderon Campos appeals the denial of his petition for release under 28 U.S.C. § 2241. He contends that the United States Parole Commission does not have the statutory authority to return him to prison because the Commission's jurisdiction over him ended after the expiration of the two-year term of imprisonment imposed after the revocation of his term of special parole.

Under former 21 U.S.C. § 841(c),[1] the Commission may revoke a term of special parole if the parolee violates the terms and conditions of parole. We have held, however, that "when the USPC cancels or rescinds a term of special parole, nothing in former

---

[1] Although Congress has repealed the relevant portion of the statute, it continues to govern defendants convicted of criminal conduct that occurred before November 1, 1987. *Munguia v. United States Parole Comm'n,* 871 F.2d 517, 521 n. 1 (5th Cir.), *cert. denied,* 493 U.S. 856, 110 S.Ct. 161, 107 L.Ed.2d 119 (1989); Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, tit. II, § 224(a)(2), 98 Stat.1987, 2030 (1984) (formerly § 224(a)(6), *renumbered by* Pub.L. No. 99-570, tit. I, § 1005(a)(2), 100 Stat. 3207, 3207-6 (1986)).

1

section 841(c) provides it with additional authority to impose a second term." *Artuso v. Hall,* 74 F.3d 68, 71 (5th Cir.1996). Without this authority, Campos contends, the government was required to release him when his extra two-year term of imprisonment expired.

*Artuso* did not reach the question of the Commission's powers beyond imposing a second term of special parole. We agree with the government that former § 841(c) does not entirely eliminate the Commission's jurisdiction upon revocation of special parole. The statute states that once special parole is revoked,

> the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment.

In other words, when Campos violated the terms of his special parole, a 25-year term of imprisonment automatically took its place. The fact that the Commission initially required Campos to serve only two years of this 25-year term did not extinguish the remainder of the expanded sentence. The Commission retains jurisdiction over Campos until the end of the new 25-year term. Our understanding of § 841(c) puts us in agreement with other circuits that have considered the question. *See Fowler v. United States Parole Comm'n,* 94 F.3d 835, 839-40 (3d Cir.1996) (treating release from incarceration after revocation of special parole as "traditional" parole); *Evans v. United States Parole Comm'n,* 78 F.3d 262, 264 (7th Cir.1996) ("[T]he first revocation turns special parole into regular imprisonment, release from which is normal

2

parole.").

AFFIRMED.