FILED
United States Court of Appeals
Tenth Circuit

July 29, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LEIGHTON FAY,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 10-3073

(D. of Kan.)

(D.C. No. 10-CV-3015-SAC)

ORDER AND JUDGMENT[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Leighton Fay, a federal prisoner appealing pro se and in forma pauperis,[1]

appeals the district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) of his

action for mandamus relief and monetary damages. The district court concluded

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Fay is proceeding pro se, we construe his filings liberally. *See Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Fay's action should be dismissed as frivolous, because he sought unrecoverable relief. We have jurisdiction under 28 U.S.C. § 1291, and DISMISS this appeal.

## I. Background

In 1981, Fay was convicted and sentenced on federal assault charges in the District of South Dakota. Subsequently, Fay challenged his conviction and sentence. The Eighth Circuit affirmed in part, reversed in part, and remanded for additional proceedings. Fay is currently serving the sentence that resulted from those proceedings at the United States Penitentiary in Leavenworth, Kansas.

Approximately 20 years ago, while serving a portion of his sentence within the Eastern District of Washington, Fay filed a petition for habeas corpus with the federal district court there. Eventually, the district court determined Fay's submission was a request for relief under 28 U.S.C. § 2255 and transferred the case to the District of South Dakota.

In the District of South Dakota, Fay argued his conviction and sentence were illegal, his transfer to a state prison was unconstitutional, and the court in which he was tried and sentenced lacked jurisdiction over him. The District of South Dakota dismissed Fay's petition, and the Eighth Circuit affirmed the dismissal.

In January 2010, Fay filed the submissions giving rise to this appeal. Fay requested permission to proceed in forma pauperis and sought mandamus relief and monetary damages from the United States. Fay contended he was innocent of

the charges for which he was convicted and sentenced, the District of South Dakota did not have jurisdiction to hear his criminal case, and entities within the United States government conspired to violate his constitutional rights.

The district court granted Fay's in forma pauperis request under § 1915. The district court then dismissed Fay's action as frivolous pursuant to § 1915(e)(2)(B)(i), holding sovereign immunity barred his prayer for monetary relief, he made no showing that any of the requirements for a writ of mandamus were satisfied, and his challenge to the validity of his conviction and sentence should be filed under § 2255 in the sentencing court.

Fay timely filed a notice of appeal and asked the district court to allow him to proceed on appeal in forma pauperis. The district court granted Fay's in forma pauperis request pursuant to § 1915.

## II. Discussion

We review a district court's decision to dismiss an action under § 1915(e)(2)(B) de novo. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009). On appeal, Fay argues the district court erred by dismissing his action. We disagree.

As provided in § 1915, "the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). "A claim is frivolous [] under § 1915[] if it is based on an

indisputably meritless legal theory." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007) (internal quotation marks and brackets omitted).

We find frivolous both Fay's action before the district court and this appeal. First, Fay has not demonstrated he is entitled to the "extraordinary remedy" of a writ of mandamus. *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1196 (10th Cir. 2009). He has not shown he has no other adequate means of relief—i.e., proceedings in the District of South Dakota—or that his right to a writ is clear and indisputable. Mandamus is not an end run to previously unsuccessful habeas applications. *See In re Qwest Commc'ns Int'l Inc.*, 450 F.3d 1179, 1182–83 (10th Cir. 2006); *see also Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("Failure to obtain relief under [§] 2255 does not establish that the remedy so provided is either inadequate or ineffective.") Second, Fay's claims against the United States for monetary damages fail as a matter of law.[2] Those claims he brings pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), are barred by sovereign immunity. *See Lane v. Pena*, 518 U.S. 187, 192 (1996) ("To sustain a claim that the Government is liable for awards of monetary

---

[2] Fay's filings in the district court stated he was bringing claims pursuant to 42 U.S.C. §§ 1881 and 1882, among other statutes. As §§ 1881 and 1882 concern matters wholly irrelevant to the case presented—National Science Foundation awards—the district court interpreted Fay's statement as indicating he was bringing claims under 42 U.S.C. §§ 1981 and 1982. We find that treatment reasonable and adopt it for purposes of this appeal.

damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims."). And, he has not stated a cause of action under 42 U.S.C. § 1982. *See* 42 U.S.C. § 1982 ("All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."). Finally, to the extent Fay challenges the validity of his conviction and sentence, he is limited to the relief the District of South Dakota may grant him, *see Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (stating a § 2255 petition "must be filed in the district that imposed the sentence"), in response to a motion brought under § 2255, *see Bradshaw*, 86 F.3d at 166 ("The exclusive remedy for testing the validity of a judgment and sentence . . . is that provided for in [] § 2255.").

Accordingly, we find meritless Fay's arguments before the district court and on appeal. We conclude therefore the district court did not err by dismissing Fay's action under § 1915(e)(2)(B)(i).

## III. Conclusion

For the foregoing reasons, we DISMISS the appeal as frivolous. We assess two strikes against Fay pursuant to § 1915(g), *see Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999) ("If we dismiss as frivolous the appeal of an action the district court dismissed under 28 U.S.C. § 1915(e)(2)(B), both dismissals count as strikes."), and remind him he remains

obligated to pay the appellate filing fee in full, *see Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge
