**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 8, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEIGHTON FAY,

        Petitioner-Appellant,

v.

CLAUDE CHESTER, Warden,
USP-Leavenworth,

        Respondent-Appellee.

No. 10-3225
(D.C. No. 5:08-CV-03301-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Leighton Fay, a pro se federal prisoner incarcerated in Leavenworth, Kansas,[1] appeals from the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Exercising jurisdiction under

---

[*]      This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

      After examining the briefs and the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this matter. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]      Because Mr. Fay is proceeding pro se, we construe his filings liberally. *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

28 U.S.C. §§ 1291 and 2253(a), we affirm.

## BACKGROUND

In 1981, Mr. Fay was convicted of four counts of assault resulting in serious bodily injury, three counts of assault with a dangerous weapon, and one count of assault by striking, beating, or wounding, and was acquitted of a count of second-degree murder, in the United States District Court for the District of South Dakota. *See United States v. Fay*, 668 F.2d 375, 377 (8th Cir. 1981). The district court sentenced Mr. Fay to 45.5 years' imprisonment. On direct appeal, the United States Court of Appeals for the Eighth Circuit reversed Mr. Fay's three convictions for assault with a dangerous weapon. *See id.* at 378. This caused Mr. Fay's sentence to be reduced to 40.5 years' imprisonment.

Mr. Fay was released from custody on November 18, 2005; however, he remained under the jurisdiction of the United States Parole Commission ("Commission") as if on parole, pursuant to 18 U.S.C. §§ 4163–64, until February 13, 2021. *See* R. at 181 (Certificate of Mandatory Release, dated Nov. 17, 2005). On February 12, 2007, the Commission determined that Mr. Fay had violated his parole, revoked Mr. Fay's mandatory release, and continued Mr. Fay to the expiration of his sentence. *See id.* at 189 (Notice of Action, dated Feb. 12, 2007). Mr. Fay was scheduled for mandatory release in ten years. *See id.* at 187 (Hr'g Summ., dated Jan. 23, 2007) ("[T]he subject has a mandatory release date after the service of 120 months."); *see also id.* at 157 (Sentencing Monitoring

-2-

Computation Data, dated July 16, 2008) (calculating a September 19, 2016, statutory release date).

Mr. Fay filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which the district court denied. *See Fay v. Chester*, No. 5:08-CV-03301-RDR, 2010 U.S. Dist. LEXIS 87799 (D. Kan. Aug. 25, 2010). Mr. Fay asserts three sets of claims before this court: (1) that the United States lacked jurisdiction to set his parole and release dates because he is an American Indian and the Sioux Nation is a sovereign; (2) that he is actually innocent of the original charges from 1981, which underlie his parole; and (3) that the Commission improperly considered a past accusation of criminal conduct, as well as a charge of which Mr. Fay was acquitted, instead of requiring proof beyond a reasonable doubt.

## DISCUSSION

### I. United States's Jurisdiction Over American Indians

Mr. Fay asserts that he "is a[n] enrolled member of the Sioux Tribe . . . and has maintained his Traditional standing in the Tribe with Traditional Members." Aplt. Opening Br. at 5a. Construing his appellate brief liberally, Mr. Fay raises three grounds in support of his argument that the United States—more specifically, the Commission—lacked jurisdiction over him because he is an American Indian and the Sioux Nation is a sovereign: (1) the Major Crimes Act is unconstitutional; (2) the Sioux Nation did not relinquish its sovereignty under the

-3-

Fort Laramie Treaty of 1851; and (3) the Fourteenth Amendment recognizes American Indian tribes as sovereigns.[2]

First, Mr. Fay argues that the Indian Major Crimes Act, 18 U.S.C. § 1153, is unconstitutional. The Indian Major Crimes Act "authorizes the prosecution in federal court of an Indian charged with the commission on an Indian reservation of certain specifically enumerated offenses." *Keeble v. United States*, 412 U.S.

---

[2] Mr. Fay previously raised similar jurisdictional challenges in his motions to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. *See Fay v. Thornburgh*, No. 91-3032, 1992 WL 63394 (D.S.D. Mar. 24, 1992); R. at 35 (Mem. Op., dated Apr. 23, 1986). Such challenges to the jurisdiction of the convicting and sentencing court are properly brought pursuant to 28 U.S.C. § 2255. *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997). However, under a liberal construction, Mr. Fay's jurisdictional challenges also are cognizable under 28 U.S.C. § 2241 as challenges to the Commission's jurisdiction. Mr. Fay argues that he "had a ten year sentence illegally imposed by the Parole Commission," Aplt. Opening Br. at 2b, and repeatedly lodges challenges to the jurisdiction of the "United States government," *see id.* at 1, 2, 1a, 6a, not just to the jurisdiction of the court that convicted and sentenced him.

Challenges "concerning good-time credit and parole procedure[] go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241." *Furman*, 112 F.3d at 438. Accordingly, challenges to the Commission's jurisdiction are properly brought under 28 U.S.C. § 2241. *See Hutchings v. U.S. Parole Comm'n*, 201 F.3d 1006, 1008 (8th Cir. 2000) (affirming § 2241 denial where the petitioner claimed "that the Commission lacked jurisdiction to revoke his parole"); *Campos v. U.S. Parole Comm'n*, 120 F.3d 49, 49 (5th Cir. 1997) (affirming § 2241 denial where the petitioner "contend[ed] that . . . the Commission's jurisdiction over him ended"); *Martin v. U.S. Parole Comm'n*, 108 F.3d 1104, 1105 (9th Cir. 1997) (affirming § 2241 denial where the petitioner "asserted that the Commission d[id] not have jurisdiction over him"); *see also Roberts v. U.S. Dep't of the Navy*, 961 F.2d 220, 1992 U.S. App. LEXIS 6970, at *1 (10th Cir. 1992) (unpublished table decision) (affirming § 2241 dismissal where the petitioner "contend[ed] that the United States Parole Commission lack[ed] jurisdiction over him").

205, 205–06 (1973).  Mr. Fay argues that the Indian Major Crimes Act is unconstitutional because *Ex parte Crow Dog*, 109 U.S. 556 (1883), held that the United States has no jurisdiction over the Sioux Nation or "Indian Country."  *See* Aplt. Opening Br. at 1a, 5a–6a.  Mr. Fay is incorrect.  *Ex parte Crow Dog* held "that a federal court lacked jurisdiction to try an Indian for the murder of another Indian . . . in Indian country," but "recogniz[ed] the power of Congress to confer such jurisdiction on the federal courts."  *Keeble*, 412 U.S. at 209.  "The Major Crimes Act was passed by Congress *in direct response to* the decision of [the Supreme] Court in *Ex parte Crow Dog*," *id.* (emphasis added), and the Supreme Court has upheld the constitutionality of the Indian Major Crimes Act, *see id.* at n.9 (citing *United States v. Kagama*, 118 U.S. 375 (1886)).

Second, Mr. Fay argues that the Fort Laramie Treaty of 1851, U.S.-Sioux, Sept. 17, 1851, 11 Stat. 749, "is the only consen[s]ual and legal agreement under the Constitution between the Sioux Nation and the United States Government, and it spec[i]fically did not relinquish sovereignty or jurisdiction to United States Government authorities."  Aplt. Opening Br. at 2.  Mr. Fay further argues that 25 U.S.C. § 71 did not affect the Fort Laramie Treaty of 1851, and that any abridgements or changes to the treaty would violate the Ex Post Facto Clause.  *See id.* at 3, 2a, 5a.  However, Mr. Fay has not articulated how the Fort Laramie Treaty of 1851 supports his argument that the United States lacked jurisdiction over him.  We decline to advance possible reasons for him.  *See DiCesare v.*

*Stuart*, 12 F.3d 973, 979 (10th Cir. 1993) ("[W]hile we hold pro se litigants to a less stringent standard, it is not the proper function of the district court to assume the role of advocate for the pro se litigant."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (same); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). By failing to identify his "contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relies," as required by Federal Rule of Appellate Procedure 28(a)(9)(A), Mr. Fay has forfeited this claim. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

Third, Mr. Fay argues that the Fourteenth Amendment—by providing that "[r]epresentatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed," U.S. Const. amend. XIV, § 2—"recognizes the fact that Indian Tribes with their own governments are sep[a]rate sover[e]igns." Aplt. Opening Br. at 3a. Mr. Fay further argues that the Indian General Allotment Act, 25 U.S.C. §§ 334–58, and 8 U.S.C. § 1401, which provides citizenship at birth, are unconstitutional because they confer citizenship to American Indians by statute, while "[l]egally it would take a Constitutional Amendment to effect a

-6-

change regarding citizenship" for American Indians. Aplt. Opening Br. at 4a. Mr. Fay has likewise forfeited this claim by failing to sufficiently present and develop his argument. *See* Fed. R. App. P. 28(a)(9)(A); *Bronson*, 500 F.3d at 1104.

## II. Actual Innocence

Mr. Fay argues that he is actually innocent of the original charges from 1981 that underlie his parole. *See* Aplt. Opening Br. at 2b ("Appellant maintains factual actual innocence . . . ."). The district court properly rejected Mr. Fay's actual innocence claim because "a petition for habeas corpus relief under § 2241 cannot be used to challenge the validity of a conviction." *Fay*, 2010 U.S. Dist. LEXIS 87799, at *6–7 (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity," whereas a "28 U.S.C. § 2255 petition attacks the legality of detention." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (quoting *Bradshaw*, 86 F.3d at 166) (internal quotation marks omitted).

## III. Commission's Decision to Revoke Parole

Mr. Fay next argues that he "had a ten year sentence illegally imposed by the Parole Commission," Aplt. Opening Br. at 2b, because the Commission improperly failed to require "proof beyond a reasonable doubt[,] [which] marks the legal boundary between guilt and innocence," *id.* at 5. Mr. Fay argues that in revoking his parole, the Commission improperly considered an allegation that Mr.

Fay stabbed his wife in 1973, as well as the 1981 second-degree murder charge of which he was acquitted.

We review the Commission's decisions deferentially:

> We will not disturb a decision by the Parole Commission unless there is a clear showing of arbitrary and capricious action or an abuse of discretion. The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons. We do not reweigh evidence, make credibility determinations, or substitute our judgment for the Commission's.

*Gometz v. U.S. Parole Comm'n*, 294 F.3d 1256, 1260 (10th Cir. 2002) (citations omitted) (internal quotation marks omitted).

In deciding to revoke parole, the Commission relied on Mr. Fay's salient factor score and severity of offense behavior. *See* R. at 190 ("Your parole violation behavior has been rated as criminal conduct of Category Seven severity because it involved Assault with Serious Bodily Injury. Your salient factor score is 2."). Mr. Fay does not appear to challenge the Commission's calculation of his salient factor score and severity of offense behavior. *See Fay*, 2010 U.S. Dist. LEXIS 87799, at *16 ("The Parole Commission's decision referenced the severity of the parole violation, which petitioner does not contest . . . . Petitioner does not contend that petitioner's salient factor score would have been different if the alleged false information had been ignored.").

"When the Board gives valid reasons for its decision, this court will not

-8-

assume that the Board relied on possibly invalid factors." *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir. 1986); *accord Phillips v. Brennan*, 912 F.2d 189, 191–92 (7th Cir. 1990) ("[E]rroneous information in the record would not taint a decision explicitly based on uncontested considerations."). "[S]o long as sufficient evidence was before [the] Parole Board to support its decision, its actions are not an abuse of discretion." *Wildermuth v. Furlong*, 147 F.3d 1234, 1236–37 (10th Cir. 1998) (citing *Solomon v. Elsea*, 676 F.2d 282, 290–91 (7th Cir. 1982)).

The Commission's decision to revoke parole and continue Mr. Fay to the expiration of his sentence is supported by a rational basis in the record. Accordingly, we will not disturb the Commission's decision.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's denial of Mr. Fay's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

-9-