FILED
United States Court of Appeals
Tenth Circuit

June 10, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LEIGHTON FAY,

      Petitioner - Appellant,

v.

CLAUDE MAYE, Warden,

      Respondent - Appellee.

No. 15-3035
(D.C. No. 5:14-CV-03148-RDR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

Leighton Fay appeals the district court's dismissal of his 28 U.S.C. § 2241

petition. We affirm.

**I**

Fay has filed numerous actions and petitions with this and other courts and the

factual background of this case is unchanged from the background detailed in Fay v.

Chester, 413 F. App'x 23 (10th Cir. 2011) (unpublished); Fay v. United States, 389

F. App'x 802 (10th Cir. 2010) (unpublished); United States v. Fay, No. CR 81-

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

30007-RAL, 2014 WL 129555 (D.S.D. Jan. 13, 2014) (unpublished); and United States v. Fay, No. CR 81-30007-RAL, 2013 WL 3480897 (D.S.D. July 10, 2013) (unpublished).  Briefly, in 1981, Fay was convicted of multiple counts of assault in the U.S. District Court for the District of South Dakota.  He was released from custody in 2005.  In 2007, the Parole Commission determined that Fay had violated his parole and he was returned to custody.

In August 2014, Fay filed the petition at bar, raising numerous allegations that the district court determined were challenges to his conviction that he either already raised, or should have brought in his prior § 2255 petitions.  These allegations include that he was charged with a multiplicity of counts, was not present during his resentencing, was improperly targeted by the government for political reasons, and had ineffective assistance of counsel.  Fay also challenged the actions of the Parole Commission, claiming that his parole was improperly revoked.  The district court determined that Fay failed to support these claims with sufficient factual allegations to show a constitutional violation.

## II

On appeal, Fay renews several of the challenges to his conviction that were dismissed by the district court, including his absence during resentencing and the multiplicity of counts.[1]  We review the district court's dismissal of a § 2241 petition de novo.  Abernathy v. Wandes, 713 F.3d 538, 544 (10th Cir. 2013).  A § 2255

---

[1] We construe Fay's pro se filings liberally.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

petition, not a § 2241 petition, is "generally the exclusive remedy" available to a federal prisoner who challenges the "legality of detention." Brace v. United States, 634 F.3d 1167, 1169 (10th Cir. 2011). In contrast, a § 2241 petition may typically be used only to attack "the execution of a sentence rather than its validity." Id. (quotation omitted). A § 2255 petition is properly brought in the sentencing jurisdiction. § 2255(a).

We agree with the district court that Fay's claims relating to his sentence and resentencing should have been brought as a § 2255 petition in the U.S. District Court for the District of South Dakota. Fay has not explained why he could not have raised these arguments in the proper forum. To the extent that Fay challenges the district court's decisions pertaining to his conditions of confinement and execution of his sentence, we agree that Fay has failed to support his claims with sufficient factual allegations to show a federal constitutional violation.

Fay raises a number of other issues on appeal that were not raised before the district court, including alleged depravations of good time credits and violations of the Thirteenth Amendment. He has not articulated a compelling reason for us to depart from "the general rule that a federal appellate court does not consider an issue not passed upon below." Walker v. Maher (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (quotation omitted). To the extent that Fay's challenge to the Major Crimes Act, 18 U.S.C. § 1153, is grounded on an assertion that we lack jurisdiction, we note that the issue was squarely resolved in Chester, 413 F. App'x at 26 (citing

United States v. Kagama, 118 U.S. 375 (1886)), and we see no reason to depart from that holding.

## III

The judgment of the district court is **AFFIRMED**.  Fay's motion to proceed in forma pauperis is **GRANTED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge